HALL, Judge.
This is an action objecting to candidacy brought under the provisions of the Election Code dealing with primary and general elections, LSA-R.S. 18:401, et seq. Plaintiff is John T. Seale, a registered voter of Madison Parish, the incumbent district attorney for the Sixth Judicial District and a qualified candidate for reelection to that office in this year’s regular election. By law the primary election is scheduled for September 16, 1978 and the general election is scheduled for November 7. Defendant is James David Caldwell who also qualified as a candidate for the office of district attorney. Defendant was admitted to the practice of law in this state on October 5, 1973 and will have been admitted to the practice of law for five years on October 5, 1978, a date subsequent to the primary election and prior to the general election. As grounds for the objection to candidacy plaintiff contends that defendant does not meet the qualifications for the office he seeks because he will not “have been admitted to the practice of law in this state for at least five years prior to his election” as required by Article V, § 26 of the Louisiana Constitution of 1974 in that one of the two candidates for the office will be elected in the primary election.
After trial the district court upheld the plaintiffs contentions, held that defendant does not meet the qualifications required by law for the office of district attorney and rendered judgment disqualifying defendant as a candidate. On defendant’s appeal we reverse the judgment of the district court, hold the defendant is a duly-qualified candidate for the office, and render judgment dismissing plaintiff’s action.
The decision in this case is controlled by the opinion of this Court rendered yesterday in the case of Cook v. Campbell, 360 So.2d 1193, No. 13,695 on the docket of this Court, in which we upheld the qualifications of a candidate for the office of district judge under identical facts and under the identical constitutional qualification that the officeholder “shall have been admitted to the practice of law in the state for at least five years prior to his election.” See also Jory v. Arnette, 360 So.2d 921, No. 6781 on the docket of the Third Circuit Court of Appeal which reached the same result upholding the qualifications of a candidate for district attorney under similar facts.
For the reasons assigned in the Cook case, the judgment of the district court is reversed and set aside. The defendant, James David Caldwell, is declared to be a duly-qualified candidate for the office of district attorney of the Sixth Judicial District of the State of Louisiana, and plaintiff’s action is dismissed, at plaintiff’s costs.
Reversed and rendered.