727 So.2d 1221 (1999)
Herbert A. CADE
v.
Edwin A. LOMBARD, in his capacity as Clerk of the Criminal District Court for the Parish of Orleans.
Kenneth Bailey, Kim Duet, and Winnifred Johnson
v.
Herbert A. Cade, W. Fox McKeithen, in his offical capacity as Secretary of State and Jerry M. Fowler, in his official capacity as Commissioner of Elections, Louis Keller, and Edwin A. Lombard, Clerk of Criminal District Court for the Parish of New Orleans.
Nos. 99-CA-0184, 99-CA-0185.
Court of Appeal of Louisiana, Fourth Circuit.
January 23, 1999.
Darryl Harrison, Wayne E. Woods, Law Office of Bernard L. Charbonnet, Jr., New Orleans, Louisiana, Attorneys for Plaintiffs/Appellants Kenneth Bailey, et al.
Roy J. Rodney, Jr., John K. Etter, Rodney, Bordenave, Boykin, Bennette & Boylea, Professional Law Corporation, New Orleans, Louisiana and Harry Rosenberg, Phelps, *1222 Dunbar, L.L.P., New Orleans, Louisiana, Attorneys for Defendant/Appellee Herbert A. Cade.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge MIRIAM G. WALTZER, Judge MOON LANDRIEU, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, Sr., Judge Pro Tempore PHILIP C. CIACCIO, and Judge Pro Tempore JAMES A. GRAY, II.
MURRAY, Judge.
Kenneth Bailey, Kim Duet, and Winnifred Johnson appeal the trial court's dismissal of their petition to disqualify Herbert A. Cade as a candidate in the election for Senate District No. 3. We affirm.

DISCUSSION:
On January 13, 1999, the above plaintiffs filed suit in Orleans Parish Civil District Court seeking to disqualify Herbert A. Cade as a candidate for the Senate in District 3. The plaintiffs alleged that Mr. Cade had not been actually domiciled in District 3 for the year preceding his qualifying for the primary election as required by La. Const. Art. III, sec. 4.
This matter was consolidated with case # 98-14144, a petition for declaratory judgment filed by Herbert Cade on August 13, 1998, and transferred to the section of court that handled that matter. Hearing was held on January 19, 1999, and judgment dismissing the petition to disqualify was entered on January 20, 1999.
Initially, appellants argue that this matter was improperly consolidated with case # 98-14144 as that matter was no longer pending at the time their petition was filed.
Appellants are correct that case # 98-14144 was no longer pending as of January 13, 1999, as a judgment granting the relief sought by Mr. Cade in that action was entered on October 13, 1998.[1] The case may have been transferred in order to accommodate the short time for handling election matters. Appellants have not alleged any error as a result of the consolidation and transfer. Therefore, the error, if any, in this regard is harmless.
The person who objects to the candicacy of another in an election contest has the burden or proving that the candidate is disqualified,[2] and the laws governing elections are to be liberally interpreted so as to promote rather than defeat candidacy.[3] Consequently, any doubt as to qualification of a candidate should be resolved in favor of permitting that candidate to run for public office.[4]
The plaintiffs alleged that Mr. Cade actually was domiciled at 3949 Mimosa Court in Tall Timbers subdivision in Algiers, which is not in Senatorial District 3. In support of this allegation they offered evidence that established that he owned the home in Algiers, having purchased it in 1995, that he received mail there, paid utilities for that property, maintained a phone in his name at that address, and lived there several nights a week. They also established that the home at 2210 Mandeville Street, which Mr. Cade claimed as his domicile, was owned by Mrs. Songy, Mr. Cade's mother, and that all bills for that property were paid by her.
Mr. Cade acknowledged that he, in fact, lived part of the time at the Mimosa Court house in Algiers. However, he testified that it had always been his intention that his *1223 domicile should be at 2210 Mandeville Street, which is in District 3. He testified, and other witnesses confirmed, that he keeps clothes and toiletries in "his" room in the house on Mandeville Street. He contributes to household expenses, receives mail, eats and sleeps there on a regular basis. He maintains a phone in his name at 2210 Mandeville Street and has been registered to vote at that address since 1975.
Although a homestead exemption was claimed for the Mimosa Court property for 1996, it was established that the exemption had not been filed by Mr. Cade. Thomas Arnold, the assessor for the 5th Municipal District, which includes this property, testified that the exemption was filed in 1995 by the previous owners because Orleans Parish bills property owners a year in advance. Mr. Arnold also testified, and produced records that confirmed, that there had been no homestead exemptions claimed for the Mimosa Court property in 1996, 1997, or 1998. Mr. Cade testified in an earlier proceeding that he intentionally has never claimed a homestead exemption on the Mimosa Court property so that he "has a choice as to where to vote and where his domicile is."[5]
While a person may have many residences, he has only one domicile.[6] In determining which of a person's residences is his domicile courts will look to intent in order to prevent one who has "two or more residences from calling one or the other his legal residence as it may suit his interest or convenience, but to the prejudice of the rights of others."[7]
Mr. Cade testified that it was always his intent to maintain his domicile in District 3 at 2210 Mandeville Street His conduct was intentionally structured so as to maintain a relationship of sufficient quality and quantity with that address to evidence that intent. His decision not to claim a homestead exemption on his Mimosa Court property was made as early as 1996, long before the vacancy for which he qualified occurred. That Mr. Cade's intent to be domiciled at an address in District 3 may have been motivated by his desire to vote or be a candidate in that district does not vitiate that intent.[8]
The plaintiffs have failed to carry their burden to prove that Herbert Cade is not domiciled at 2210 Mandeville Street in District 3. The judgment dismissing the petition to disqualify him as a candidate for the Senate seat in District 3 is affirmed. Appellees' motion to tax costs is denied.
AFFIRMED; MOTION TO TAX COSTS IS DENIED.
NOTES
[1] Mr. Cade obtained a judgment declaring him to be domiciled in District 3 and qualified for membership in the Senate representing District 3. Mr. Cade argued that this judgment precluded these plaintiffs from contesting his domicile and qualification. The trial court correctly rejected that argument and gave no effect to the declaratory judgment. A candidate cannot deprive the electors of the right to challenge his qualification for the office he seeks by preemptively having himself declared qualified in an action to which the electors are not parties.
[2] La. R.S. 18:492; Dixon v. Hughes, 587 So.2d 679, 680 (La.1991).
[3] Id.
[4] Slocum v. DeWitt, 374 So.2d 755 (La.App. 3rd Cir.1979), writ denied, 375 So.2d 1182 (La.1979).
[5] The transcript of that proceeding is contained in the record of case # 98-14144, which is marked as D-1 in this proceeding.
[6] Tomlinson v. Frazier, 407 So.2d 1385 (La.App. 4th Cir.1982).
[7] Stavis v. Engler, 202 So.2d 672, 676.
[8] See Slocum v. DeWitt, 374 So.2d at 758.