LDALEY, Judge.
Carey 0. Hammett, as an elector in Precinct 103 of the Parish of Jefferson located in the sixth council district, brought this suit under LSA-R.S. 18:1401(A) objecting to the candidacy of Kenneth C. Knight for the office of Parish Councilman District 6, Parish of Jefferson, State of Louisiana. The challenge to Kenneth Knight for the office of councilman is based on the allegation that Mr. Knight was not qualified to be a candidate because his domicile is not located in District 6.
The matter was tried on September 17, 1999. The trial judge ruled in favor of Carey Hammett and against Kenneth Knight declaring that Kenneth Knight does not meet the qualifications to be a candidate for the office of Councilman District 6, Jefferson Parish, Louisiana and disqualified him from being a candidate for Councilman District 6 during the primary election scheduled for October 23, 1999.
Relying on the following factual finding the trial court found that Mr. Knight’s disqualification was warranted:
la“Kenneth C. Knight owns a home located 409 Jefferson Heights Avenue, an address which is not in District 6. He claims a homestead exemption on the Jefferson Heights Avenue property ... Further, on his Louisiana Driver’s license Mr. Knight lists 409 Jefferson Heights as his address. This license was issued on August 26, 1998. The voter registration application of the Defendant, Knight which was completed in January 7, 1992 lists 409 Jefferson Heights as his address ... The voter identification card which the candidate possesses list 409 Jefferson Heights Avenue. When Mr. Knight qualified to seek office for District 6, he completed a Notice of Candidacy in which he indicated that he is a qualified elector in precinct 129, and not in District 6. Indeed, as recent as May 29th of this year, only about three and a half months ago, Mr. Knight voted in the precinct 129 tuhich is not located within District 6. ”
The trial court acknowledged in his Reasons for Judgment that:
“Mr. Knight claims that his domicile has been changed to 436 Helois Avenue ... In support of his position, Mr. Knight has produced numerous receipts showing that he has had mail forwarded to 436 Helois Avenue which is located within District 6. Moreover, Mr. Knight has testified that he and his former wife have divorced and that he lives with his *204 flaneé’, Ms. Barbara Noble at the Helois Avenue address. Both he and Ms. Noble testified to these matters.”
The trial judge acknowledged Mr. Knight’s claim that his domicile has been changed to 436 Helios Avenue[1], which is located inside District 6, but stated in his Reasons for Judgment, “we do not find this testimony to be credible”. The trial judge also determined that, “as recently as this past week, Ms. Noble told a representative of the Jefferson Parish Sheriffs Department that Mr. Knight did not live at the Helios house with her”.
In addition to findings of fact the trial court issued legal reasons that included the following language:
“Clearly, Louisiana law supports that a person can have more than one residence. However, he can have only one domicile. Messer v. London, 438 So.2d 646, 547 (La.1983). A person’s domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain in the hplace. LSA-C.C.P. art. 1234; Veillon v. Vellon [sic], 517 So.2d 936, 940 (La. App. 3rd Cir.), writ denied, 519 So.2d 105, 1238 [sic] (La.1987). It is not disputed that Mr. Knight, prior to claiming a domicile at 436 Helois Avenue was domiciled at 409 Jefferson Heights Avenue. The question of domicile is one of intention as well as fact, and where it appears domicile has been acquired in another district, the party seeking to show it has been changed to a new district must overcome the legal presumption that it has not been changed by positive and satisfactory proof [emphasis mine] of establishment of a domicile as a matter of fact with the intention of remaining in the new district and of abandoning the former domicile. Pattan v. Fields, 669 So.2d 1233, 95 1936 . (La.App. 1 Cir. 1995). While it is apparent from the evidence that Mr. Knight has used the 436 Helois Avenue address as a resident, the evidence presented does not support a finding that his domicile has been changed to the said address.”
The Louisiana Election Code, LSA-R.S. 18:451, requires a candidate to meet the qualifications for the office sought at the time of qualification for the office, thusly:
“A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. ” [emphasis added]
Further, Section 2.03(A)(1) of the Jefferson Parish Home Rule Charter sets forth requirements regarding the qualifications necessary to become a member of the Council:
“A Council member shall be a qualified elector of the parish and shall have been legally domiciled and have actually resided in the parish for at least one year immediately preceding the time of qualifying for office in an area which, at the time of qualification, is within the district. ” [emphasis added].
In order to be eligible to run for Councilman, Mr. Knight must have been a qualified elector of the parish and legally domiciled in and a resident of the district in which he intends to run.
|Jt is undisputed that Mr. Knight is registered to vote in the Parish and that he currently sleeps and eats at his girlfriend, Ms. Noble’s, house at 436 Helios Avenue. Clearly 436 Helios Avenue qualifies as a residence. The critical question is whether or not Mr. Knight abandoned his previous permanent residence located at 409 Jefferson Heights with the intent *205 not to return to that residence and thereby transferred his domicile.
Domicile is defined in Black’s Law Dictionary, 435 (5th ed.1979) as:
“That place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning ... The permanent residence of a person or the place to which he intends to return even though he may actually reside elsewhere. A person may have more than one residence but only one domicile. The legal domicile of a person is important since it, rather than the actual residence, often controls the jurisdiction of the taxing authorities and determines where a person may exercise the privilege of voting and other legal rights and privileges. The established, fixed, permanent, or ordinary dwellingplaee or place of residence of a person, as distinguished from his temporary and transient, though actual, place of residence. It is his legal residence, as distinguished from his temporary place of abode; or his home, as distinguished from a place to which business or pleasure may temporarily call him.”
Change in domicile for purposes of qualifying for public office occurs when there is a change in actual residence accompanied by the intention to make the new residence the candidate’s new establishment or home. Pattan v. Fields, 95-1936 (La.App. 1 Cir. 9/26/95), 669 So.2d 1233. Intention may be proved by the express declaration in writing registered in the parishes of the old and new residence or, in the absence of the declaration, by circumstances surrounding residency. Autin v. Terrebonne, 612 So.2d 107, (La. App. 1 Cir.1992), writ denied 604 So.2d 954.
Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. Herpin v. Boudreaux, 98-306 (La.App. 3 Cir. 3/5/98), 709 So.2d 269, writ denied 98-0578 (La.3/11/98), 712 So.2d 859.
We acknowledge that the law favors a liberal construction of election statutes so as to encourage participation in the election process, O’Brien v. Giardina, 587 So.2d 712 (La.App. 5 Cir.1991); Dixon v. Hughes, 587 So.2d 679 (La.1991); and that the person objecting to the candidacy bears the burden of proving the candidate is disqualified. Dixon v. Hughes, supra.
While the exhibits introduced by Mr. Knight establish that he received some mail and conducts some of his personal affairs from the address at Helios Avenue we cannot ignore his formal public conduct and the documentation that support a finding that his domicile remained at 409 Jefferson Heights. These acts include:
1. His current voter registration at 409 Jefferson Heights along with the fact that he has voted continuously using that address since January 1992;
2. His acknowledgment that he annually renews his homestead exemption on his 409 Jefferson Heights home, which renewal requires him to certify that he owns and occupies that residence;
3. Mr. Knight’s renewal of his driver’s license in 1998 reaffirmed his residential address as 409 Jefferson Heights; and
4. The fact that Mr. Knight continues to receive at lease some of his mail at the 409 Jefferson Heights address.
Given these factors we conclude that the trial judge did not err in disqualifying Mr. Knight. We, therefore, affirm the trial judge’s ruling.

AFFIRMED.

. The address listed on Knight’s qualifying form was on Helios Avenue, not Helois Avenue and both spellings are used by the parties and the trial judge.