753 So.2d 928 (2000)
Ann Bucaro STEINHARDT
v.
John "Jay" BATT, Jr. and The Honorable Edwin Lombard, The Honorable W. Fox McKeithen, in Their Official Capacities Only.
No. 2000-CA-0328.
Court of Appeal of Louisiana, Fourth Circuit.
February 11, 2000.
*929 Salvador Anzelmo, Bruce E. Naccari, Michael W. Tifft, Law Office of Salvador Anzelmo, New Orleans, Louisiana, for plaintiff/appellee.
Harry Rosenberg, Allen C. Miller, Phelps Dunbar, L.L.P., New Orleans, Louisiana, for defendant/appellee.
Court Composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, Judge MOON LANDRIEU, and Judge DENNIS R. BAGNERIS, Sr.
PER CURIAM.
Defendant, John "Jay" Batt, Jr., appeals the district court's judgment disqualifying him as a candidate for the upcoming special election to fill a vacancy on the New Orleans City Council. We reverse.
On January 28, 2000, Mr. Batt qualified, along with four other candidates, to run for the recently vacated position of City Councilman representing District A. On February 3, 2000, plaintiff Ann Bucaro Steinhardt filed this suit pursuant to La. R.S. 18:1401, which allows a qualified voter in any district to bring an action objecting to the candidacy of a person who has qualified to run for an office in that district. Plaintiff alleges that Mr. Batt does not meet the qualifications for the office he seeks because he has not complied with Section 3-104 of the Home Rule Charter of the City of New Orleans, which requires a candidate for district councilman to have been domiciled in the district from which elected for at least two years immediately preceding his election.
The case was tried in the district court on February 7, 2000. The trial judge found as a matter of fact that Mr. Batt established a domicile at 5637 Cherlyn Drive in Orleans Parish on March 31, 1998. The trial judge then concluded that because Mr. Batt had not been domiciled in District A for two years prior to January 28, 2000, the qualifying date for the election, the plaintiffs objection to his candidacy must be maintained. Accordingly, the district court rendered judgment disqualifying Mr. Batt.
In reviewing this matter on appeal, we address two issues:[1]

*930 (1) Did the trial judge commit manifest error in finding that Mr. Batt established his domicile in District A on March 31, 1998?
(2) Did the trial judge err in concluding, under the applicable law and jurisprudence, that Mr. Batt's establishment of domicile on March 31, 1998 does not satisfy the requirement of the City Charter that a candidate be domiciled in the district for at least two years prior to his election?

ESTABLISHMENT OF DOMICILE
The trial judge's conclusion that Mr. Batt established a domicile in Orleans Parish on March 31, 1998, is clearly a factual finding subject to the manifest error standard of appellate review. After reviewing the record, we find no manifest error in the trial judge's conclusion.
Article 38 of the Louisiana Civil Code defines a person's domicile as the parish "wherein he has his principal establishment" or "that in which he makes his habitual residence." Article 41 states that a change of domicile is produced by "the act of residing in another parish combined with the intention of making one's principal establishment there." Article 42 provides a method whereby a person may prove the intent to change his domicile by signing an express written declaration to that effect and recording same in the parishes from which and to which he intends to move.
Recently, in Hammett v. Knight, 99-1048 at p. 5 (La.App. 5 Cir. 9/24/99), 744 So.2d 202, 205, writ denied, 99-2794 (La.9/28/99), 747 So.2d 1130, the court recited the law with regard to change of domicile as follows:
Change in domicile for purposes of qualifying for public office occurs when there is a change in actual residence accompanied by the intention to make the new residence the candidate's new establishment or home. Pattan v. Fields, 95 1936 (La.App. 1 Cir.1995); 669 So.2d 1233 [sic] ...
Absent declaration to change domicile, proof of this intention depends upon circumstances; there is a presumption against change of domicile. Herpin v. Boudreaux, 98-306 (La.App. 3 Cir. 3/5/98), 709 So.2d 269, writ denied, 98-0578 (La.3/11/98), 712 So.2d 859.
As defendant made no formal declaration of change of domicile in the instant case, the trial judge had to determine the date upon which Mr. Batt proved that he had both a residence and the requisite intent to be domiciled in District A of Orleans Parish. At trial, Mr. Batt testified that he grew up in District A, but moved to Jefferson Parish when he got married and lived in his wife's apartment in Metairie while they saved money to move back into District A. Documentary evidence showed that Mr. Batt registered to vote in Jefferson Parish on December 1, 1995. Mr. Batt further testified that he and his wife began looking for a house in Orleans in 1997. Defense counsel introduced a copy of Mr. and Mrs. Batt's agreement to purchase 5637 Cherlyn Drive dated January 25, 1998 and the act of sale whereby they purchased this property dated March 31, 1998. Mr. Batt testified that he and his family began moving into the house on Cherlyn Drive on the day the act of sale passed. Evidence in the record included bills addressed to Mr. Batt for electricity at the Cherlyn Drive residence from March of 1998 and telephone service connected April 1, 1998. To refute Mr. Batt's testimony, the plaintiff primarily relied on records showing that defendant did not change his voter registration from Jefferson to Orleans Parish until February 22, 1999; that he actually voted in Jefferson Parish as late as November 3, 1998; and that he did not change the address listed on his driver's license until February 15, 1999. When questioned about these facts, defendant explained *931 that he had attempted to change his voter registration and driver's license prior to those dates, but had not followed through because he was unwilling to wait in the long lines he encountered on those occasions.
In view of the evidence, we do not find it manifestly erroneous for the trial judge to have concluded that Mr. Batt both acquired a residence in Orleans Parish and possessed the requisite intent to make that residence his home on March 31, 1998, the date he purchased 5637 Cherlyn Drive, where he currently resides. The evidence clearly supports that finding.

SATISFACTION OF LEGAL REQUIREMENTS FOR CANDIDACY
We now consider whether the trial judge erred his determination that defendant's being domiciled in District A from March 31, 1998 until the present time does not satisfy the legal requirements for candidacy set forth by the City Charter and applicable state statutes.
La.R.S. 18:451 provides, in pertinent part:
A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office. [emphasis added]
Regarding qualifications of City Council members, Article 3-104 of the Home Rule Charter of the City of New Orleans states, in pertinent part:
(1) ... Except as provided in paragraph (2) of this Section, candidates for district councilmember shall have been domiciled in the districts from which elected for at least two years immediately preceding their election. [emphasis added]
Reading these provisions together, we logically conclude that the phrase except as otherwise provided by law in R.S. 18:451 means that a rule of law covering the particular election in question, in this case, the City Charter, prevails over the state election code with regard to the qualifications for that election. Similarly, in Stockstill v. Rousselle, XX-XXXX-XXXX (La. App. 4 Cir. 8/16/94), 641 So.2d 724, writ denied, 94-2166 (La.8/22/94), 641 So.2d 535, this court found that an amendment to the Home Rule Charter of Plaquemines Parish establishing term limits for council members prevailed over R.S. 18:451 in determining whether candidates possessed the qualifications to run for council positions.
Having found that the Home Rule Charter of the City of New Orleans prevails, the next question is the meaning of the Charter provision requiring that candidates be domiciled in the applicable district for at least two years prior to their election. We reject the argument by counsel for plaintiff that the drafters of the Charter intended the word election to mean qualification and vice versa. We believe instead that if the drafters had meant qualification, they would have used that word, as they in fact did in paragraph (2) of the same article referring to redistricting.[2]
Giving the word election its plain meaning, however, still presents a dilemma in the instant case; that is, does the word refer to the primary election or the general election? Defendant established his domicile in the district on March 31, 1998, which is not two years preceding the primary election, to be held on March 14, 2000, but is at least two years preceding the general election, on April 15, 2000. *932 Plaintiff argues that the applicable date is the primary election because if the defendant wins a majority of the votes on March 14th, he will be declared the winner on that date. See La.R.S. 18:511. He additionally argues that, because this is a special election to fill an already vacant seat, the defendant would actually be able to assume office on that date. Using similar reasoning, the trial judge held that defendant had to be domiciled in the district for two years prior to the date he qualified, January 28, 2000, because had he been the only person to qualify, the defendant theoretically could have assumed the office on that date.
Rejecting this reasoning, we turn to the relevant jurisprudence to assist us in determining the meaning of the term election in Article 3-104 of the City Charter. Although we have found no cases interpreting this provision of the City Charter, several prior courts have interpreted analogous provisions in the Louisiana Constitution. In Cook v. Campbell, 360 So.2d 1193 (La.App. 2d Cir.1978), writ denied, 362 So.2d 573 (La.1978), the court held that article V, section 24 of the Constitution, providing that a judge of the district court shall have been admitted to the practice of law in the state for at least five years prior to "his election," meant the general, as opposed to the primary, election. In Cook, the candidate in question would have been admitted for five years on the date of the general election, but not on the date of the primary election. Moreover, there were only two candidates in the race, and the court specifically rejected the argument that the primary date should control because one of the candidates was in fact going to be elected on the date of the primary. Id. at 1196. Instead, the court reasoned:
The determinative date of a candidate's qualifications should be fixed, certain and ascertainable at the time of qualification for candidacy. The date of the general election is certain and ascertainable in both regular and special elections. The interpretation of "election" urged by plaintiff would leave the determinative date uncertain and dependent on how many candidates qualify and, where there are more than two candidates, on whether one candidate receives a majority of the votes cast in the first primary, matters which cannot be determined until after expiration of the qualifying period or after the primary election.
Id at 1197.
In accord with Cook, supra, other courts have interpreted article V, section 24 of the state Constitution and the virtually identical provision in article V, section 26 (relating to candidates for district attorney) as meaning that the candidate must possess the qualifications on the date of the general election as opposed to the primary election. See Seale v. Caldwell, 360 So.2d 1197 (La.App. 2d Cir.1978), writ denied, 362 So.2d 573 (La.1978); Aiple v. Naccari, 454 So.2d 894 (La.App. 5th Cir. 1984), writ denied, 456 So.2d 151 (La. 1984). Additionally, this court in Stockstill v. Rousselle, supra, cited with approval and used the rationale of Cook v. Campbell to determine that candidates for the Plaquemines Parish Council who would become disqualified by a Charter amendment prescribing term limits, which became effective after the qualifying date but before the primary election date, were not qualified candidates.
Although we are not bound by this jurisprudence interpreting the term election in the State Constitution as meaning the general election, it is persuasive authority, especially in view of the fact that we have found no cases contradicting this interpretation. Also persuasive is the principle adhered to in this state that the laws governing the conduct of elections must be liberally interpreted so as to promote, rather than defeat, candidacy. Therefore, any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Dixon v. Hughes, 587 So.2d 679, *933 680 (La.1991); Cade v. Lombard, 99-0184, 99-0185 (La.App. 4 Cir. 1/23/99), 727 So.2d 1221. Finally, we note that the trial judge cited no legal basis for his interpretation of the Charter language, and we have found none.
Accordingly, we conclude that the requirement of Article 3-104 of the Home Rule Charter of the City of New Orleans providing that candidates for the City Council must have been domiciled in the applicable district for at least two years prior to their election means two years prior to the general election. For the reasons stated, we hold that the district court erred in determining otherwise. We therefore reverse the judgment of the district court and reinstate the candidacy of John "Jay" Batt, Jr.
NOTES
[1] On appeal, defendant raises for the first time the issue of whether plaintiff has proved her standing or right of action to bring this suit. The record reflects that the trial judge considered this issue as one to which the defendant stipulated, but the defendant apparently disagrees. In view of our decision in favor of the defendant's candidacy, we consider this issue as moot.
[2] Article 3-104 provides, in paragraph (2): "At the next regular election for members of the Council following Council redistricting, an elector may qualify as a candidate from any district created in whole or in part from a district existing prior to redistricting, if the elector was domiciled in that prior district for at least two years immediately preceding qualification."