900 So.2d 191 (2005)
Marilyn LANDIAK
v.
Cedric L. RICHMOND, Fox McKeithen, Secretary of State of Louisiana, and Kimberly Williamson Butler, Clerk of Criminal Court of Orleans Parish.
Marilyn Landiak
v.
Cedric L. Richmond, Fox McKeithen, Secretary of State of Louisiana, Kimberly Williamson Butler, Clerk of Criminal Court of Orleans Parish.
Nos. 2005-CA-0385, 2005-CA-0386.
Court of Appeal of Louisiana, Fourth Circuit.
March 17, 2005.
Writ Granted March 23, 2005.
*192 Frank A. Silvestri, Anthony L. Marinaro, Silvestri and Massicot, New Orleans, LA, for Plaintiff/Appellant, Marilyn Landiak.
Dennis W. Moore, Eric A. Wright, Wright Moore & Associates, and Ike Spears, DeVoyce Stubbs Gray, Spears & Spears, New Orleans, LA, for Defendant/Appellee, Cedric L. Richmond.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS Jr., Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO Jr., Judge ROLAND L. BELSOME).
Judge EDWIN A. LOMBARD.
The plaintiff, Marilyn Landiak, brought suit to disqualify Cedric Richmond as a candidate for the New Orleans City Council on the grounds that he had not been domiciled in District D of the City of New Orleans at least two years as required by law. The trial court held that Mr. Richmond was domiciled in District D for a period of two years prior to the upcoming April 2, 2005 primary election and could, therefore, qualify as a candidate for the District D seat on the City Council. The plaintiff is appealing that decision.

FACTS AND PROCEDURAL HISTORY
The plaintiff originally filed suit in the trial court, but the trial court found that the suit was not timely filed and dismissed the suit. This Court affirmed the trial court, but the Louisiana Supreme Court reversed this Court and the trial court and remanded the case for a trial on the merits.
A trial was held, and in a written judgment rendered on March 11, 2005, the trial court found that Mr. Richmond was domiciled at 8701 Lomond Road, which is in District D of the City of New Orleans, and that he had been domiciled there for the requisite two years required to qualify him to run for the District D seat on the City Council.
The plaintiff in this case contends that Mr. Richmond has been domiciled at 8701 Lomond Road, which is in District D of the City of New Orleans, for less than two years. She also contends that Mr. Richmond was previously domiciled at 4809 Eastview Drive, which is outside District D of the City of New Orleans, prior to changing his domicile to 8701 Lomond Road.
*193 At trial the following facts were uncontested.
1. Mr. Richmond was elected as a Louisiana State representative from Louisiana House District 101, an office that he currently holds and has held since 1999.
2. Mr. Richmond's childhood home was located on Lomond Road, and he lived there until he left home to attend college. He then returned to his family home where his mother and stepfather had continued to live.
3. In 1996, Mr. Richmond and his brother, Sidney Richmond, acquired the property located on Eastview Drive.
4. Mr. Richmond has claimed the homestead exemption for the Eastview Drive property.
5. Mr. Richmond changed his voter registration from Lomond Road to Eastview Drive in 1997, and he changed it back to Lomond Road in December of 2004.
6. Mr. Richmond attested on notices of candidacy in 1997, 1999, 2000, and 2003, that his domicile was located on Eastview Drive.
7. Both of Mr. Richmond's vehicles are registered at the Eastview Drive address.
At the trial, Mr. Richmond's mother testified that he returned to the family home on Lomond Road in January of 2003, to assist her in caring for his stepfather, who was ill. Mr. Richmond's brother testified that Mr. Richmond has lived on Lomond Road for over two years. There was also testimony that Mr. Richmond and his brother considered the Eastview Drive property to be investment property and that Mr. Richmond never intended to permanently reside there. Mr. Richmond testified that it was always his intent for the Lomond Road address to be his domicile. In August of 2003, Mr. Richmond executed a sworn notice of candidacy for state representative for House District 101 of Louisiana. This sworn notice showed his domicile as the property on Eastview Drive.
When questioned at trial about the use of the Eastview Road address as his domiciliary address, Mr. Richmond testified that he really had not noticed that the address required on the form was the address of the candidate's domicile. He said that he gave the address where he voted and that he did not read the "small print about domicile." Additionally, Mr. Richmond and his brother both testified that Mr. Richmond was not residing at the Eastview Drive address at the time the form was signed.

DISCUSSION
The New Orleans City Charter sets forth in Section 3-104 the law regarding the residency requirements a candidate must meet to run for a seat on the City Council. The relevant portions of section 3-104 read as follows:
A councilmember shall be a citizen of the United States and a qualified elector of and domiciled in the City. . . . Candidates for councilmember-at-large shall have been domiciled in the City for two years immediately preceding their election. . . . [C]andidates for district councilmember shall have been domiciled in the district from which elected for at least two years immediately preceding their election.
The party contesting the qualifications of a candidate has the burden of proof. LSA-R.S. 18:492; Russell v. Goldsby, 2000-2595 (La.9/22/00), 780 So.2d 1048; Dixon v. Hughes, 587 So.2d 679 (La.1991); Messer v. London, 438 So.2d 546 (La.1983). Where a particular domicile is required for candidacy, the party *194 objecting to the candidacy must prove a lack of domicile of the candidate. Pattan v. Fields, 95-2375 (La.9/28/95), 661 So.2d 1320. Any doubt as to the qualifications of a candidate should be resolved in favor of the candidate. Russell, 00-2595 at p. 4, 780 So.2d at 1051; Dixon, 587 So.2d at 680.
Louisiana law allows a person to have more than one residence. However, a person can only have one domicile. La. C.C. art. 38; Messer, 438 So.2d at 547; Villane v. Azar, 566 So.2d 645 (La.App. 4 Cir.), writ denied, 567 So.2d 1108 (La.1990). Cases resolving conflicts of domicile have found that there are two elements necessary to establish a person's domicile, namely, residence and intent to remain in the place. Becker v. Dean, 03-2493 (La.9/18/03), 854 So.2d 864; Hammett v. Knight, 99-1048 (La.App. 5 Cir. 9/24/99), 744 So.2d 202, writ denied, 747 So.2d 1130 (La.1999); Veillon v. Veillon, 517 So.2d 936 (La.App. 3 Cir.), writ denied, 519 So.2d 105 (La.1987). The proof of intent to change domicile depends upon the facts and circumstances of the case. Steinhardt v. Batt, 00-0328 (La.App. 4 Cir. 2/11/00), 753 So.2d 928; Villane, supra.
The plaintiff maintains that the trial court committed legal error in applying the law applicable to this case. We disagree, however. We do not find that the law was incorrectly applied. The inquiry we are required to make is whether the trial court's factual findings in this case are correct, because they are determinative of the outcome. Unless the trial court's findings of fact are clearly wrong or manifestly erroneous, we must affirm the trial court judgment. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
The essential question is whether or not Mr. Richmond intended to have his domicile at his family home on Lomond Road. His intent must be determined from the factual circumstances of this case.
In the current case, the trial judge found that there was uncontroverted testimony by Mr. Richmond that he intended for Lomond Road to be his domicile. Mr. Richmond testified that it was always his intent for 8701 Lomond Road to be his domicile. His mother testified that he had lived on Lomond Road since January of 2003, and his brother corroborated this testimony. Mr. Richmond's brother also confirmed that he and Mr. Richmond considered the Eastview Drive property to be investment property. The fact that Mr. Richmond's voter registration, his homestead exemption, and his drivers' license listed Eastview Drive as his address is not determinative of his intent to be domiciled at his family home. The only countervailing evidence to support the plaintiff's position that Mr. Richmond was domiciled on Eastview Drive was the sworn notice of candidacy. Mr. Richmond, however, testified that he did not notice that the address required on the notice was the address of his domicile. In any event, there is no reason to believe that the trial court judge did not consider this document in determining whether Mr. Richmond intended to be domiciled on Lomond Road.
In Dixon v. Hughes, 587 So.2d 679 (La.1991), the facts were similar to the facts in the instant case regarding a sworn statement of the candidate's address. The candidate in that case, Ms. Hughes, testified that she "thought the law was that you could qualify, that you could use an address as long as it was not fraudulent, that that was an address that was related to you." 587 So.2d at 681. In response to this, the Louisiana Supreme Court stated as follows:
While Ms. Hughes' sworn declaration of domicile in connection with her candidacy for Criminal District Court should *195 not be dismissed lightly, she has set forth a plausible explanation that she made a good faith mistake in listing her business address rather than her home address.
Id. In the instant case, we find that Mr. Richmond has given a plausible explanation why he did not list the Lomond Road address as his address of domicile on the sworn statement.
In Cade v. Lombard, 99-0184 (La.App. 4 Cir. 1/23/99), 727 So.2d 1221, this Court found that "Mr. Cade's intent to be domiciled at an address in District 3 may have been motivated by his desire to vote or be a candidate in that district." 99-0184, p. 4, 727 So.2d at 1223. This Court, nevertheless, found and that his desire did not "vitiate that intent." Id. Thus, the intent of the candidate, not his motive, is controlling in determining a candidate's domicile.
Because any doubt regarding whether a candidate is qualified to run for elective office is to be decided in favor of the candidate, we find that the plaintiff failed to carry the burden of proof required to show that Mr. Richmond is not domiciled on Lomond Road. We find that the factual findings of the trial court were not manifestly erroneous or clearly wrong.

CONCLUSION
For the reasons discussed, we find no error in the trial court's judgment. Therefore, the judgment of the trial court holding that Mr. Richmond is duly qualified as a candidate for the special primary election to be held on April 2, 2005, for councilmember District D of the City of New Orleans is affirmed.

AFFIRMED.
KIRBY, J., dissents for the reasons assigned by J. BELSOME.
BELSOME, J., dissents with reasons.
BELSOME, J., dissents with reasons.
For the following reasons, I respectfully dissent.
The party contesting the qualifications of a candidate has the burden of proof. LSA-R.S. 18:492; Russell v. Goldby, 00-2595 (La.9/22/00), 780 So.2d 1048; Dixon v. Hughes, 587 So.2d 679 (La.1991); Messer v. London, 438 So.2d 546 (La.1983). Where a particular domicile is required for candidacy, the party objecting to the candidacy must prove a lack of domicile of the candidate. Pattan v. Fields, 95-2375 (La.9/28/95), 661 So.2d 1320. Any doubt as to the qualifications of a candidate should be resolved in favor of the candidate. Russell, 00-2595 at p. 4, 780 So.2d at 1051; Dixon, 587 So.2d at 680.
Louisiana law allows a person to have more than one residence. However, a person can only have one domicile. La. C.C. art. 38; Messer, 438 So.2d at 547; Villane v. Azar, 566 So.2d 645 (La.App. 4 Cir.), writ denied, 567 So.2d 1108 (La.1990). Cases resolving conflicts of domicile have found that there are two elements necessary to establish a person's domicile, namely residence and intent to remain in the place. Becker v. Dean, 03-2493 (La.9/18/03), 854 So.2d 864; Hammett v. Knight, 99-1048 (La.App. 5 Cir. 9/24/99), 744 So.2d 202, writ denied, 747 So.2d 1130 (La.1999); Veillon v. Veillon, 517 So.2d 936 (La.App. 3 Cir.), writ denied, 519 So.2d 105 (La.1987). Absent a declaration to change domicile, proof of intention depends upon circumstances. La. C.C. arts. 42 and 43; Steinhardt v. Batt, 00-0328 (La.App. 4 Cir. 2/11/00), 753 So.2d 928; Villane, supra.
Ms. Landiak maintains that the trial court committed legal error in applying the law applicable to this case. I find the law calls for a fact-intensive inquiry and, therefore, the trial court's decision should *196 not be disturbed in the absence of manifest error or a finding that it is clearly wrong. See Rosell v. ESCO, 549 So.2d 840 (La.1989).
The following facts were uncontested at trial:
A. Mr. Richmond is presently a state representative for district 101 and has been so since 2000;
B. Mr. Richmond's family home located at 8701 Lomond Road and his 4809 Eastview Drive address are both located within the boundaries of district 101;
C. The Lomond Road address is within Council District D while the Eastview Drive address is within Council District E;
D. Mr. Richmond and his brother Sidney purchased the Eastview property in 1996;
E. Mr. Richmond has claimed the homestead exemption for the Eastview Drive address since its purchase;
F. Mr. Richmond changed his voter registration from the Lomond Road address to the Eastview Drive address in 1997 and changed it back in December 2004 to the Lomond location;
G. Mr. Richmond attested on notices of candidacy in 1997, 1999, 2000, and 2003 that the Eastview address was his domicile.
H. The candidacy oath taken in 1997 was for Council District E race listing the Eastview Drive address as his domicile; and
I. Mr. Richmond has both of his owned vehicles registered at the Eastview Drive address.
The essential question for the trial judge to answer was whether or not Mr. Richmond intended to keep his family home at 8701 Lomond Road as his domicile.
As previously stated, in the absence of an expressed declaration, proof of intent depends on the circumstances. The clear language of the home rule charter requires that a candidate be domiciled in the district from which he seeks election for a minimum of two years immediately preceding his election. This two-year period of domicile has been the subject of numerous decisions of this Court as well as the Supreme Court. A review of the case law applied to the home rule charter qualifications leaves one with the impression that he has stepped through the looking glass to an arena where up is down and down is up.
Unfortunately, judicially, we have failed to apply a consistent and articulate interpretation of domiciliary status in election contests. This inability to define domicile revolves around the word "intent", and the semantics applied to it. "Of course, all our work, our whole life, is a matter of semantics because words are the tools with which we work, the material out of which laws are made, out of which the Constitution was written. Everything depends on our understanding of them. . . ."[1]
In the current case, the trial judge declared that there was uncontroverted testimony by Mr. Richmond that he intended for Lomond Road to be his domicile. The trial court decision ignored past sworn affidavits executed by Mr. Richmond stating that 4809 Eastview Drive was his domicile during the same time periods. The analysis of defendant's position is outlined below.
*197 Mr. Richmond testified that it was always his intent for 8701 Lomond Road to be his domicile. La. C.C. articles 41-43[2] provide us with the guidelines for changing one's domicile. Intent can be proved expressly through a written declaration or by circumstances. Id., arts. 42 and 43. Mr. Richmond filed a Notice of Candidacy with the Secretary of State in December of 1997, for Councilmember District E for the Parish of Orleans. In the Notice of Candidacy, Mr. Richmond swore that his domicile was 4809 Eastview Drive, located in District E. District E does not encompass the 8701 Lomond Road address. Based on that sworn Notice of Candidacy, Mr. Richmond clearly and expressly declared his intent for 4809 Eastview Drive to be his established domicile.
Mr. Richmond continued to declare 4809 Eastview Drive as his domicile in public records filed with the Secretary of State. More specifically, a sworn Notice of Candidacy for State Representative, 101st District was filed in September of 1999[3], a sworn Notice of Candidacy for Democratic State Central Committee Member, 101st Representative District, Office "B" filed in January of 2000, and recently another sworn Notice of Candidacy for State Representative, 101st District was filed in August of 2003.[4]
Mr. Richmond could have expressed his intent to have the Lomond Road address as his domicile at anytime after the September 1999 Notice of Candidacy for the District E Councilmember seat. There would have been no negative effect on his qualifying for the State Representative or Democratic Committee seats showing 8701 Lomond Road as his domicile since 8701 Lomond Road is located in the 101st District. But, there was no declaration or indication of intent to change the domiciliary address expressed until Mr. Richmond changed his voter registration address to the Lomond Road location in December 2004. Prior to that change, Mr. Richmond had been registered to vote at the Eastview Drive address since 1997. He also took a homestead exemption on the Eastview Drive property from 1997 until 2004. Evidence was also produced indicating that Mr. Richmond had both of his vehicles registered at 4809 Eastview Drive.
Viewing the evidence as a whole, I find that Mr. Richmond expressly declared 4809 Eastview Drive as his domicile by filing numerous public records indicating such dating back to 1997. From 1997 until December 2004, all the surrounding circumstances support 4809 Eastview Drive as his domicile.
In Dixon v. Hughes,[5] the Supreme Court rejected a notice of candidacy form *198 as conclusive evidence of Hughes' intent to be domiciled at that address. The address used on the form was her business address. Both the trial court and Supreme Court in that matter accepted Hughes' explanation that she used the address because it was her mailing address. Thus, the Court found that the petitioner failed to meet the burden of proof necessary to disqualify Hughes as a candidate. Under the facts of that case it was plausible for the courts to find Hughes used her mailing/office address on the candidacy forms rather than her domicile because she moved so frequently, approximately four times in a one-year period. Where Dixon is clearly distinguishable from the facts sub judice is that the evidence did not prove that Hughes maintained more than one residence and therefore, domicile was established in the district where she resided.
Moreover, the Supreme Court specifically stated that "[w]hile Ms. Hughes' sworn declaration of domicile in connection with her candidacy for Criminal District Court should not be dismissed lightly, she has set forth a plausible explanation that she made a good faith mistake in listing her business address rather than her home address." Id. at 681. Here, Mr. Richmond did not set forth one plausible explanation that he made a good faith mistake each of the four times he listed the Eastview address on his notice of candidacy as his domicile.
In Becker v. Dean,[6] Lynn Dean's candidacy for councilman-at-large for the Parish of St. Bernard was challenged on the grounds of domicile. The trial court and court of appeal found Dean was not legally domiciled in the Parish of St. Bernard for a period of two years prior to the election for the office of councilman-at-large seat. In a 4-3 per curiam the Supreme Court reversed.
Dean's Notice of Candidacy form stated "101 Dean Drive" on the line designated "domicile address" and "Braithwaite, La. 70040" on the line designated "mailing address". Becker filed a petition alleging that Dean was not qualified for the office at issue because he was not domiciled in St. Bernard Parish and actually resided in Plaquemines Parish.
At the trial on the merits, Dean explained that he owned a tract of land that was situated in both St. Bernard Parish and Plaquemines Parish and even though his business and apartment were located on the portion of land situated in St. Bernard Parish it had a Braithwaite address because the Braithwaite post office served the address. Dean testified that he had been domiciled in a second-story apartment above his business, which was located entirely within St. Bernard Parish. He further claimed that he had been a registered voter in St. Bernard Parish since 1962. The defense provided the court with testimony from an expert in land surveying and civil engineering. That testimony established that Dean's property was situated in both St. Bernard Parish and Plaquemines Parish. The expert also confirmed that the building housing the business and apartment was in St. Bernard Parish. Id.
The Supreme Court found that the trial court had committed legal error by apparently putting the burden of proving domicile on Dean. Based on that legal error the Supreme Court conducted a de novo review of the record. The Court found the record supported Dean's address as 101 Dean Drive, stating that in 1996 Dean listed that as his address on his voter's registration in St. Bernard Parish. Dean *199 did take a homestead exemption in Plaquemines Parish in 1997. However, Dean ceased to claim a homestead exemption in Plaquemines Parish when the new law took effect in 1998 requiring a person to register to vote in the same precinct of his property receiving a homestead exemption. The Supreme Court found that Dean's ceasing to take a homestead exemption in Plaquemines Parish showed his clear intent to not change his domicile to a location outside of St. Bernard Parish. The Court further found that Becker did not provide any evidence to prove that Dean did not reside in St. Bernard Parish or that he ever intended to change his domicile to a location outside of St. Bernard Parish.
The facts in the instant case are distinguishable from those in Becker. No evidence established that Dean filed numerous public documents contradicting his St. Bernard Parish domicile. Dean did not attempt to run for a political seat using an alternative domicile. Dean intentionally discontinued taking a homestead exemption on property that he did not want to be construed as his domicile, yet maintained his voter registration at the address he wanted to be considered his domicile. See also: Cade v. Lombard, XXXX-XXXX (La.App. 4 Cir.1/23/99), 727 So.2d 1221 where a candidate intentionally refused to claim a homestead exemption on property where he sometimes lived to preserve his domicile at his previous address, where he also sometimes lived. However, the opposite circumstance is present here. Mr. Richmond claimed his homestead exemption where he lived and gave it up when he wanted to re-establish his domicile on Lomond Road. The re-establishment of the domicile occurred, however, sooner than two years before the period for qualification for office opened.
In the instant case, the trial judge was presented with several publicly sworn and notarized declarations of candidacy by the defendant unequivocally stating that his domicile was 4809 Eastview Drive. This is an address that the affiant knew was located in City Council District E based on the 1997 notice of candidacy. It was uncontested that defendant took advantage of the homestead exemption from the Eastview Drive address and made it his voting precinct for nearly a decade. On the eve of this election the defendant took the affirmative steps to declare domicile and residence at 8701 Lomond Road. He changed his driver's license and voter registration. No recorded case has provided a court with the degree of chronicled domiciliary status as displayed here: the publicly sworn statements in the notice of candidacy documents, voter registration, homestead exemptions and vehicle registrations, I therefore find that the plaintiff met her burden of proof in establishing Mr. Richmond's intent had not changed his domicile to 8701 Lomond Road within two years of either his qualifying for the District D seat or within two years of the scheduled primary and general elections for District D. I therefore find that Mr. Richmond does not meet the two-year requirement of La. R.S. 18:1401 and Orleans Parish Home Rule Charter article 3-102. To find otherwise would nullify the language of La. R.S. 18:451 and the City of New Orleans Home Rule Charter article 3-102. Thus, there would no longer be a domicile requirement as a part of the qualifications to run for public office, merely a requirement to register as a candidate.
In a democratic society, we should continue to favor candidacy. Further, it is well recognized that "any doubt as to qualifications of a candidate must be resolved in the candidate's favor." Dean, supra at p. 13, 854 So.2d at 872. However, "any doubt" does not translate into "all doubt." *200 Favoring candidacy is not synonymous with sponsoring candidacy. Courts cannot ignore the unambiguous qualifications set forth in the home rule charter in the interest of promoting candidacies. The electorate should choose from those candidates properly qualified under the law. Likewise, the candidates should know what qualifications are required. If domicile requirements are not necessary, then they should be repealed or stricken, not simply judicially ignored.

CONCLUSION
For the foregoing reasons I would find the trial court was clearly wrong in its findings. Therefore, the judgment of the trial court should be reversed and Cedric Richmond should be disqualified as a candidate for the special primary election to be held on April 2, 2005, for Councilmember, District D, for the Parish of Orleans.
NOTES
[1] Garson Kanin, `Trips to Felix', in Felix Frankfurter: A Tribute, edited by Wallace Mendelson at pp. 41-42 (1964).
[2] La. C.C. art. 41 Change of domicile; residence and intent, reads, "[a] change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there."

La. C.C. art. 42 Proof of intent by written declaration "This intention is proved by an express declaration. of it before the recorders of the parishes, from which and to which he shall intend to remove.
This declaration is made in writing, is signed by the party making it, and registered by the recorder."
La. C.C. art. 43 Proof of intent in absence of declaration "In case this declaration is not made, the proof of this intention shall depend upon circumstances."
[3] That document distinguishes 4809 Eastview Drive as his domicile and 8701 Lomond Road as his mailing address.
[4] This is a period of time when Mr. Richmond and his brother testified that Mr. Richmond was not residing at the Eastview Drive residence.
[5] 587 So.2d 679 (La.1991).
[6] 03-2493 (La.9/18/03), 854 So.2d 864.