| | | |
|---|---|---|
| **KAREN SCHINDLER** | * | **NO. 2022-CA-0533** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **DEREK T. RUSS AND THE HONORABLE DARREN LOMBARD** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

* * * * * * *

*TGC*

**CHASE, J., CONCURS AND ASSIGNS REASONS**

I concur with the majority and write separately to offer additional reasons in support of the majority opinion's affirmation of the trial court's application of fundamental legal principles. The trial court found that Ms. Schindler did not establish a *prima facie* case. "The party on which the burden of proof rests must establish a *prima facie* case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence" *Landiak v. Richmond*, 2005-0758, p.8 (La. 3/24/05), 899 So.2d 535, 542. As the plaintiff failed to establish a *prima facie* case, the burden never shifted to Mr. Russ to rebut the showing.

Several fundamental principles have been repeatedly espoused by our Supreme Court and courts across Louisiana. "Election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified." *Landiak*, 2005-0758, pp. 6-7, 899 So.2d at 541; *See Becker v. Dean,* 2003–2493, p. 7 (La. 9/18/03), 854 So.2d 864, 869; *Russell v. Goldsby,* 2000–2595, p. 4 (La. 9/22/00), 780 So.2d 1048, 1051; *Dixon v. Hughes,* 587 So.2d 679, 680 (La. 1991); *Messer v. London,* 438 So.2d 546 (La. 1983). It follows that, when a particular domicile is required for candidacy, the burden of showing lack of domicile rests on the party

1

objecting to the candidacy. *Becker,* 2003–2493, p. 7, 854 So.2d at 869; *Pattan v. Fields,* 1995–2375 (La. 9/28/95), 661 So.2d 1320. Further, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Becker,* 2003–2493, p. 7, 854 So.2d at 869; *Russell,* 2000–2595, p. 4, 780 So.2d at 1051; *Dixon,* 587 So.2d at 680. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Becker*, 2003-2493, p. 7, 854 So.2d at 869; *Landiak*, 2005-0758, pp.6-7, 899 So.2d at 541.

Mr. Russ lists the Pauger Address as his domicile and testified that he is currently domiciled there. While Mr. Russ admits to having several residences over the years, he contends that his domicile has always remained at the Pauger Address. Counsel for Ms. Schindler questioned Mr. Russ about a house purchased in 2006, the Oxford Address. Mr. Russ stated that although he purchased the house in 2006, he never intended to change his domicile from the Pauger Address. In fact, Mr. Russ testified that his mother, who was going through a divorce in 2017 moved in and remained at the Oxford Address after her divorce and throughout her illness. Both Mrs. Russ and Mr. Russ' cousin corroborated Mr. Russ' statement. Mr. Russ presented voter registration records from the Louisiana Secretary of State- dating back to 1996, a drivers' license, vehicle registration and insurance, all bearing the Pauger Address. Specifically, the Pauger Address is also the mailing address on several of the documents. All of these documents are indicia of domicile. Of significance, while the vehicle registration initially indicated the Oxford Address, the Progressive Insurance documents for the vehicles submitted reveals that Mr. Russ was insured in Orleans Parish (undoubtedly at a higher insurance rate than Jefferson Parish) at the Pauger Address. The only vehicle information presented to the trial court was for the

Chevy Tahoe and Chevy Suburban. Moreover, a review of the testimony of every witness presented, including Mr. Russ, never revealed that Mr. Russ ever actually resided at the Oxford Address. To the contrary, the testimony was that Mr. Russ' belongings were at the Pauger Address. Testimony of a private investigator hired by Ms. Schindler, who researched the Jefferson Parish Assessor's Office records, noted that the records revealed that Mr. Russ did not take a homestead exemption at the Oxford Address. The trial court heard the testimony presented, weighed the credibility of the witnesses and found the responses given by Mr. Russ satisfactory and plausible.

The facts of this case hinge on credibility. The premise begins with the principle that "every person has a domicile of origin that he retains until he acquires another. La. C.C. art. 44. *Davis v. Glen Eagle Ship Mgmt. Corp.,* 1997-0878 (La.App. 4 Cir. 8/27/97), 700 So.2d 228, 230. An individual changes his domicile when he moves his residence with the intent to make the new location his habitual residence. La. C.C. art 44. Ms. Schindler failed to produce sufficient evidence to establish that Mr. Russ has not been domiciled in Orleans Parish for two years.[1] The trial court specifically made that finding, after hearing the testimony and reviewing the evidence. Our appellate court system recognizes that is impossible for an appellate court to consider a witness' tone or inflections from a transcript, i.e. words on a page. For this very reason, appellate courts are cautioned to not make credibility determinations. Appellate courts should not substitute its own fact findings, credibility calls, and reasonable inferences for those made by the trial court in the absence of manifest error. *Villane v. Azar*, 566 So.2d 645, 648 (La.App. 4th Cir. 1990). Because election laws must be interpreted to give the

---

[1] Ms. Schindler maintains that the FHA Mortgage documents are dispositive of the issue of domicile. However, Ms. Schindler's private investigator testified that Mr. Russ did not file for a homestead exemption on the Oxford Address. Thus, the trial court was tasked with weighing these facts and making a determination.

electorate the widest possible choice of candidates and maintaining candidacy is favored, I would not disturb the ruling of the trial court.