PER CURIAM.
This is an action by Dornese Dixon, a, duly qualified elector of District 96, against Yvonne L. Hughes, W. Fox McKeithen, in his capacity as Secretary of State, State of Louisiana and Jerry Fowler, in his capacity as Commissioner of Elections, State of Louisiana seeking to have Ms. Hughes disqualified as a candidate for the House of Representatives, District 96 on the basis that she *754 does not meet the qualifications for the office as set forth in LSA-Const. Art. 3 § 4. The trial court ruled in favor of Ms. Hughes and dismissed the action. We reverse.
Ms. Hughes testified that she lived at Bill Street until some time shortly after her birthday on June 5, 1990 and that she then rented a room from Ms. Ferral Walker at 1887 Gentilly Blvd. from July 1, 1990 through March 1991. She introduced rent receipts signed by Ms. Walker covering that period of time. She further testified that she sublet the apartment of Mr. Haral-son Rhodes at 2427 Kelerec Street from April 1, 1991 through August 31, 1991 and introduced rent receipts signed by Mr. Rhodes covering that period of time. Sometime in August 1991, Ms. Hughes rented the premises 1204 North Broad Street for a period of 3 months for the sum of $800.00 with the rent to be negotiated for any period beyond the three months. The last three addresses are within House of Representatives District 96.
In connection with the testimony of Mr. Joseph Broussard, Deputy Clerk of Court, and Mr. Bobby Pierce, Chief Deputy Registrar for Orleans Parish, plaintiff introduced the following exhibits:
1) Exhibit P-5: Notice of Candidacy executed by Yvonne L. Hughes on July 25, 1990 before a Notary Public and filed on July 25, 1990 for election to the office of Judge, Criminal District Court, Section I in the Primary Election to be held on October 6, 1990 in which Ms. Hughes listed 822 Perdido St., Ste. [sic] 402, N.O., La. as her address of domicile and Ward 3, Precinct 1 of the Parish of Orleans as her place of voter registration.
2) Exhibit P-9: Louisiana Voter Registration Application, Parish of Orleans, showing the voter registration by Ms. Hughes on July 25, 1990 from 822 Perdi-do St., # 402, N.O., La. and the change of that voter registration from 822 Perdido St. to 1204 N. Broad St., upper, on September 5, 1991.
3) Exhibit P-10: Registration Voting History Inquiry of the Voter Registrar’s office showing that Ms. Hughes voted in the October 6, 1990 election in which she was a candidate for the office of Judge, Criminal District Court.
In addition, Mr. Pierce testified that 822 Perdido Street was not a part of House of Representatives District No. 96.
Under Subpart B of Part IV of the Louisiana Election Code we find the following with respect to qualifying for primary election:
SUBPART B. QUALIFYING FOR PRIMARY ELECTION § 461. Manner of qualifying for primary election A: A person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy * * *.
******
§ 463. Notice of candidacy; financial statements; political advertising; penalties.
A.(1)(a) A notice of candidacy shall be in writing and shall state the candidate’s name, the office he seeks, the address of his domicile, the parish, ward and precinct where he is registered to vote, * * *. (Underscoring ours)
LSA-Const. Art. 3, § 4 sets forth the following qualifications for members of the legislature:
“§ 4. (A) Age; Residence; Domicile. An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for membership in the legislature.” (Underscoring ours)
Considering the forgoing, we hold that Ms. Hughes does not meet all the requirements of Art. 3, § 4 in that she has not been actually domiciled for the year preceding qualification for the office she seeks as a member of the House of Representatives, District 96. According to her testimony, when Ms. Hughes registered to vote on July 25, 1990 as a resident of 822 Perdido St. (which is not in District 96) and executed the Notice of Candidacy, required by law to become a candidate in the October 6, *755 1990 primary election for Judge, Criminal District Court, in which she declared under oath that her domicile address was 822 Perdido Street, she was living with and paying rent to Ms. Walker at the premises 1887 Gentilly Blvd. under the identical circumstances that existed during her entire stay with Ms. Walker through March 1991. The declaration on the July 25, 1990 Notice of Candidacy that her address of domicile was 822 Perdido Street certainly continued in effect at the very least until the October 6, 1990 primary election in which she was a candidate and in which she voted.
The declaration of domicile in order to qualify as a candidate in the October 6, 1990 primary election was mandated by LSA-R.S. 18:461, 463A(1)(a). It was a requirement to qualify for office. Surely such a required, sworn declaration of domicile cannot be treated in such a nonchalant manner as Ms. Hughes suggests in her testimony that she never resided at or was domiciled at 822 Perdido Street but thought it would be all right to insert in the item designated “address of domicile” on the Notice of Candidacy any address to which she was in some way connected.
There were no changes in Ms. Hughes’ circumstances during the period July 1, 1990 through October 6, 1990 that would in any way suggest that Ms. Hughes intended to or did change her domicile designation from 822 Perdido Street to 1887 Gentilly Blvd. during the period of time from qualifying on July 25, 1990 under the sworn declaration of domicile through the actual October 6, 1991 election on which the declaration of domicile was based.
Accordingly, we hold that Ms. Hughes was not actually domiciled within District 96 for a year preceding the September qualification period for the October 19, 1991 election.
In view of the foregoing holding, we do not consider or rule on the serious question presented on the record before us as to whether or not Ms. Hughes is actually domiciled at 1204 North Broad Street within the purview of LSA-Const. Art. 3 § 4.
The judgment of the district court dismissing the action brought by Ms. Dixon is reversed and set aside and judgment is hereby entered in favor of Ms. Dixon and against Ms. Hughes decreeing that Ms. Hughes is disqualified from running as a candidate in the House of Representatives, District 96 election set for October 19, 1991.
REVERSED AND RENDERED.