587 So.2d 679 (1991)
Dornese DIXON
v.
Yvonne L. HUGHES, et al.
No. 91-C-2218.
Supreme Court of Louisiana.
October 1, 1991.
George Augustus Blair, III, Yvonne Louise Hughes, New Orleans, for defendants-applicants.
Sharon Kaye Hunter, New Orleans, for plaintiff-respondent.
MARCUS, Justice.
Yvonne L. Hughes is a candidate in the October 19, 1991 election to the House of Representatives, District 96. Dornese Dixon, a duly qualified elector of District 96, filed a petition in the Civil District Court for the Parish of Orleans objecting to Ms. Hughes' candidacy on the ground she was not actually domiciled for the preceding year within District 96.[1] The trial court found in favor of Ms. Hughes and ordered plaintiff's petition dismissed. In its written reasons, the court stated "[t]he positive testimony preponderates in favor of Ms. Hughes being domiciled in the district." Plaintiff appealed. The court of appeal, en banc, reversed the judgment of the trial court and ordered judgment be entered in favor of plaintiff and against Ms. Hughes, decreeing that Ms. Hughes be disqualified as a candidate in the election set for October 19, 1991. The court of appeal based its decision solely upon a notice of candidacy executed by Ms. Hughes on July 25, 1990 for the October 6, 1990 election for Criminal District Court. In that notice, Ms. Hughes listed the address of her domicile as 822 Perdido St., an address outside of District 96. The court held that this declaration of domicile continued in effect until *680 at least October 6, 1990, the date of the election, and therefore Ms. Hughes was not actually domiciled in District 96 for the one year preceding the September qualification period for the October 19, 1991 election. In view of its holding, the court held it did not have to consider the question of where Ms. Hughes was actually domiciled.[2] Upon Ms. Hughes' timely application, this court granted certiorari to consider that decision.[3]
In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La.R.S. 18:492; Slocum v. DeWitt, 374 So.2d 755 (La.App. 3rd Cir.1979), writ denied, 375 So.2d 1182 (La.1979); Mix v. Alexander, 318 So.2d 130 (La.App. 4th Cir. 1975); Charbonnet v. Hayes, 318 So.2d 917 (La.App. 4th Cir.1975), application denied, 320 So.2d 201 (La.1975). The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy. Rich v. Martin, 259 So.2d 113 (La.App. 1st Cir.1971), writ denied, 261 La. 336, 259 So.2d 336 (1971). Any doubt as to qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. Slocum, 374 So.2d at 758.
The record indicates that Ms. Hughes lived at 1887 Bill St. in New Orleans East until June, 1990. Ms. Hughes, who is single, testified she left the house at Bill St. after her daughters moved out to go to school. From July, 1990 to March, 1991 she lived at 1887 Gentilly Blvd., and from April, 1991 to August, 1991, she lived at 2427 Kerlerec St. From September, 1991 to the present, she lived at 1204 N. Broad St. It is undisputed that the latter three addresses are within District 96. Ms. Hughes introduced rent receipts dated between July 1, 1990March 2, 1991, showing she paid $150 in rent per month to Ferral Walker, the sub-lessor of 1887 Gentilly Blvd. She produced receipts dated April 2, 1991August 1, 1991 signed by Haralson Rhodes, the manager of the building at 2427 Kerlerec St., showing she paid $240 per month in rent. In addition, Ms. Hughes produced both Walker and Rhodes as witnesses. Ms. Hughes, an attorney, also maintains a law office at 2832 Ursulines St., and had a prior office at 822 Perdido St. Neither of these addresses are within District 96.
An employee of the telephone company testified that Ms. Hughes had resident telephone service at 8611 Bill St. That service was changed on April 30, 1991 to resident service at the Ursulines St. address and ultimately disconnected in July, 1991. The employee admitted that the Bill St. number could have been forwarded to a different address or location. Ms. Hughes also had a business number at 2832 Ursulines since May 14, 1991 and resident service at 1204 N. Broad since August 26, 1991. The chief deputy of the registrar of voters testified that Ms. Hughes had registered to vote at 1204 N. Broad on September 5, 1991. Prior to that date, she was registered at 822 Perdido St., and she had last voted from the Perdido St. address on November 6, 1990. A forwarding address form from the post office dated May 1, 1991 was introduced into evidence, showing Ms. Hughes' mail was forwarded from 8613 Bill St. to 2832 Ursulines St. There were several discrepancies on the form. Ms. Hughes testified she periodically entered forwarding orders for her mail, since she believed they expired every six months. A private investigator hired by plaintiff testified that he examined the Broad St. address and found it to be a campaign headquarters for Ms. Hughes, with no bed or kitchen. By contrast, a bail bondsman who worked with Ms. Hughes testified he visited her at the Broad St. address and saw normal household appliances, such as a refrigerator, microwave and coffee pot, and further testified he saw a sofa bed and clothing there.
The record also contains several notice of candidacy forms executed by Ms. Hughes. Two of these were executed in December, 1989 and fall outside of the relevant time period for the present case. However, the notice of candidacy form executed by Ms. *681 Hughes on July 25, 1990 in connection with her qualification for Criminal District Court, Division I, listed her "address of domicile" as 822 Perdido St. Ms. Hughes conceded that she signed the form, but explained that in doing so she did not intend to make 822 Perdido St. her domicile:
I signed that [the notice of candidacy]. Quite frankly, I didn't know. I thought the law was that you could qualify, that you could use an address as long as it was not fraudulent, that that was an address that was related to you. And quite frankly, no, I didn't see residence under there. But I did sign the document. I did it because as I told you before I get most of my mail you can see for the ten years I have been here wherever I practiced, not at my home.
Ms. Hughes also noted that since the Criminal District Court judgeship she qualified for on July 25, 1990 was a parish-wide office, it was not important where she was domiciled as long as it was in Orleans Parish. She also points out that the new notice of candidacy forms no longer use the term "address of domicile," but merely use the term "address."
On the record, the trial court was not clearly wrong in finding the positive evidence preponderated in favor of Ms. Hughes. Ms. Hughes introduced rent receipts and testimony showing she lived in District 96 since at least June, 1990. By contrast, plaintiff introduced no solid evidence showing that Ms. Hughes did not reside within the district. The documentary evidence from the telephone company and post office introduced by plaintiff was inconclusive at best and not dispositive of the issue of where Ms. Hughes was actually domiciled. Thus, plaintiff's case was essentially based on the July 25, 1990 notice of candidacy. While Ms. Hughes' sworn declaration of domicile in connection with her candidacy for Criminal District Court should not be dismissed lightly, she has set forth a plausible explanation that she made a good faith mistake in listing her business address rather than her home address.[4] Accordingly, the court of appeal erred in reversing the judgment of the trial court.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside. The judgment of the district court, ordering that the petition of Dornese Dixon be dismissed, is reinstated.
LEMMON, J., concurs and assigns reasons.
LEMMON, Justice, concurring.
The court of appeal held that defendant was bound by her declaration of domicile in July, 1990.[1] I also might hold defendant bound by her declaration if she had derived some advantage in 1990 from that declaration and were taking a contrary position now in order to gain a different advantage. However, defendant explained the 1990 declaration as the listing of her mailing address (her law office). The trial judge accepted the explanation, and the court of appeal erred in rejecting that credibility determination.
NOTES
[1] La.R.S. 18:492 sets forth the grounds for objecting to candidacy:

An action objecting to the candidacy of a person who qualified as a candidate in the primary election shall be based on one or more of the following grounds:
. . . . .
(3) The defendant does not meet the qualifications for the office he seeks in the primary election;
. . . .
La. Const. Art. III, § 4 sets forth the eligibility requirements for a candidate for the legislature:
Section 4. (A) Age; Residence; Domicile. An elector who at the time of qualification as a candidate has attained the age of eighteen years, resided in the state for the preceding two years, and been actually domiciled for the preceding year in the legislative district from which he seeks election is eligible for membership in the legislature. [emphasis added].
[2] 587 So.2d 753 (La.App. 4th Cir.1991).
[3] 588 So.2d 1101 (La.1991).
[4] Even taking plaintiff's evidence in the best light, we still find it insufficient. We note that the notice of candidacy only lists Ms. Hughes' domicile as of July 25, 1990, and does not answer the critical question of where she was domiciled for the one year period beginning in September, 1990.
[1] On that premise the court of appeal ruled for plaintiff because defendant failed to show any intent to change that domicile through October, 1990.