b BYRNES, C.J.,
dissenting with reasons.
I respectfully dissent based on my conclusion that that the trial court clearly erred in finding that Lynn B. Dean is ineligible as a candidate because he does not have his domicile in St. Bernard Parish.
Dean contends that the mailing post office address was changed to Dean Drive by the Post Office for its convenience and the convenience of the fire department when the post office box numbers in the area were changed to street addresses.
The apartment is located on the same property as Elevating Boats, Inc. (“EBI”), which is clearly located in Saint Bernard Parish, and EBI pays taxes there. Mr. Dean is registered to vote in St. Bernard Parish as shown on his voter registration application dated January 1, 1996. The address, 101 Dean Drive, is listed as his residence in St. Bernard Parish. Dean remains registered to vote in St. Bernard Parish from that address.
The burden of proof is on the plaintiff, challenging the candidate’s eligibility. Messer v. London, 438 So.2d 546 (La.1983). As noted by the trial court, the laws governing the conduct of elections must be liberally interpreted to | ¡¡.promote rather than defeat candidacy. Dixon v. Hughes, 587 So.2d 679 (La.1991). Any doubt as to the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office.
The voters of St. Bernard Parish are entitled to decide what individual they want to elect. The trial court was clearly erroneous in ruling against Lynn Dean’s candidacy eligibility.
Accordingly, I would reverse the ruling of the trial court.