| | | |
|---|---|---|
| **LESLIE A. ELLISON** | * | **NO. 2020-CA-0377** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **WINSTON MELVIN** | * | |
| **WHITTEN, JR. AND THE** | | **FOURTH CIRCUIT** |
| **HONORABLE ARTHUR A.** | * | |
| **MORRELL, IN HIS OFFICIAL** | | **STATE OF LOUISIANA** |
| **CAPACITY AS CLERK OF** | ******* | |
| **CRIMINAL COURT FOR THE** | | |
| **PARISH OF ORLEANS** | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-06395, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge James F. McKay, III, Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

Timothy D. Ray
1226 Burdette Street; 2nd Floor
New Orleans, LA 70118


      COUNSEL FOR PLAINTIFF/APPELLEE

Madro Bandaries
MADRO BANDARIES, P.L.C.
938 Lafayette Street, Suite 507
Post Office Box 56458
New Orleans, LA 70156

Michelle A. Charles
ATTORNEY AT LAW
1901 Manhattan Blvd., Suite 105
Harvey, LA 70058


      COUNSEL FOR DEFENDANT/APPELLANT

                          **REVERSED**
                          **August 11, 2020**

This is an election suit contesting the candidacy of Defendant, Winston Whitten, Jr., for the Orleans Parish School Board District 4. On appeal, Defendant seeks review of the trial court's judgment granting the petition of Plaintiff, Leslie Ellison, to disqualify him as a candidate in the election. For the following reasons, the trial court's judgment is reversed and the petition challenging candidacy is dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 24, 2020, Defendant filed a Notice of Candidacy (Notice) form to declare his candidacy for the Orleans Parish School Board District 4. The signed and notarized Notice included the representation that:

> If I am a candidate for any office other than United States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.

1

Shortly thereafter, on July 31, 2020, Plaintiff filed her petition to disqualify Defendant from candidacy.[1] She alleged that Defendant had falsely represented that he was in compliance with the federal and state income tax filing requirements, which are grounds for disqualification pursuant to La. R.S. 18:492(A)(7).[2] After a summary trial, the trial court granted Plaintiff's petition based on Defendant's failure to meet the domicile and residency requirements. As a result, the trial court judgment ordered Defendant's name to be removed from the ballot. This appeal followed.

## DISCUSSION

On appeal, Defendant asserts that the trial court erred in granting Plaintiff's petition to disqualify him from candidacy. He argues that the trial court ruled on domicile and residency issues that were not properly before the court. He further argues that since he established that he met his tax filing requirements, the trial court judgment should be reversed. We agree.

At trial, Plaintiff and Defendant both testified. In addition to her testimony concerning state tax filings, Plaintiff raised issues concerning Defendant's domicile and residency. When the domicile and residency issues were raised,

---

[1] Defendant was personally served with the lawsuit at the address listed on his Notice: 4564 Maple Leaf Drive, New Orleans, Louisiana 70131.

[2] La. R.S. 18:492(A) states, in pertinent part:

An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

***

(7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

Defendant, in proper person, immediately objected to the relevance.[3] The trial court then found that the evidence was relevant because the domicile and residency issue was raised in the Plaintiff's petition, which is factually inaccurate.

Defendant testified in rebuttal that he lived at 4564 Maple Leaf Drive, New Orleans, Louisiana 70131. The record establishes that Defendant was personally served with the lawsuit at that address listed on his Notice. Defendant explained that he had a lease, but he did not bring it because he was not prepared to respond to issues concerning his residency and domicile. At the conclusion of the trial, the trial court rendered judgment in favor of Plaintiff finding that he did not meet the domicile and residency requirements.

La. R.S. 18:1406(B)[4] states in relevant part: "The petition shall set forth in specific detail the facts upon which the objection or contest is based. … The trial judge may allow the filing of amended pleadings for good cause shown and in the interest of justice." While the trial court may allow pleadings to be amended, it may not do so when the expanded pleadings results in the admission of evidence that would prejudice Defendant in maintaining his defense on the merits. La. C.C.P. art. 1154.[5]

While the Plaintiff's petition to disqualify Defendant asserts that he falsely represented that he met the tax filing requirements, it does not include a residency

---

[3] Defendant specifically stated: "I object. They are speaking about domicile. My court documents only speaks of tax information."

[4] This statute was amended by Act 28 of the 2020 Louisiana Regular Legislative Session. However, the amendment does not change the substance of Section B.

[5] La. C.C.P. art. 1154 states, in pertinent part:

> If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

3

and/or domicile challenge.[6]  Moreover, Plaintiff never requested to amend or expand the pleadings.  Defendant was prejudiced because he was unable to properly defend against the residency and domicile claims.  In particular, he testified that he had documents to support his residency and domicile; however, he was not prepared to present these documents because they were not raised in the petition. Under these circumstances, the trial court erred in rendering judgment on an issue not properly before the court.

Thus, the only issue properly before this Court is whether Defendant is disqualified from candidacy for falsely representing his compliance with income tax return filing requirements within the past five years.  In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. *Landiak v. Richmond*, 05-0758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541 (citation omitted).  Although Louisiana law favors candidacy, once an objector makes a prima facie showing of grounds for disqualification, the burden shifts to the defendant to rebut the showing. *Id.*, 05-0758, p. 8, 899 So.2d at 541.  Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La. 1991).

As to the tax issue, Plaintiff introduced a letter from the Louisiana Department of Revenue.  The letter confirms that Defendant filed state income tax returns in Louisiana for 2018 and 2019; however, state filings for 2015-2017 could not be confirmed.  Plaintiff also admitted Mr. Whitten's voter registration statement from the Texas Secretary of State.  The voter registration statement,

---

[6] Moreover, Plaintiff's affidavit and exhibits attached to the petition only relate to tax issues.

which became effective on August 27, 2017, reflects that Defendant lived at 3505 West Sam Houston Parkway South 4408, in Houston, Texas.

In response, Defendant admitted to living in Texas from 2015 through March of 2018, when he moved back to Louisiana to start a new job. He further explained that Texas did not require its residents to file state income tax returns. As such, he correctly represented that he filed all required federal and state tax returns.

During the pertinent years, 2015-2018, Article 8 Section 1 of the Texas Constitution authorized the legislature to impose individual income taxes. However, the legislature has not mandated an individual income tax. *See* TX Tax Code, Title 2 *et seq.*[7]

While Plaintiff established a prima facie case that Defendant did not file his state tax returns from 2015-2017 as represented on his Notice, we find Defendant sufficiently rebutted this showing by establishing he resided in Texas during the relevant time periods, thus he was not required to file individual state income tax returns. Under these circumstances, the trial court clearly erred in granting Plaintiff's petition to disqualify Defendant.

## CONCLUSION

For these reasons, the trial court's judgment is reversed and the petition challenging candidacy is dismissed.

**REVERSED**

---

[7] Article 8, Section 1 was amended by the electorate on November 5, 2019, to remove the legislature's authorization to impose individual income taxes under Section 1. On the same date, the voters approved a constitutional amendment that specifically prohibits the imposition of individual income taxes. *See* TX Const. art. VIII, § 24-a, which states: "the legislature may not impose a tax on the net incomes of individuals, including an individual's share of partnership and unincorporated association income."