LORETTA BREHM

VERSUS

 JOHN ("JOHNNY") I. SHADDINGER, JR.
AND JON GEGENHEIMER, IN HIS OFFICIAL
CAPACITY AS CLERK OF COURT FOR THE
PARISH OF JEFFERSON, STATE OF
LOUISIANA

NO. 21-CA-59

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-370, DIVISION "G"
HONORABLE E. ADRIAN ADAMS, JUDGE PRESIDING

February 10, 2021

12:05 pm

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**REVERSED AND RENDERED**
**JGG**
**SMC**
**FHW**

COUNSEL FOR PLAINTIFF/APPELLANT,
LORETTA BREHM
    Stephen M. Gele

COUNSEL FOR DEFENDANT/APPELLEE,
JOHN I. SHADDINGER, JR.
    G. Karl Bernard

**GRAVOIS, J.**

In this candidate challenge suit, plaintiff Loretta Brehm appeals the trial court's February 4, 2021 judgment which denied Ms. Brehm's petition objecting to the candidacy of John ("Johnny") I. Shaddinger, Jr. for the office of Council Member, District 1, City of Westwego, Parish of Jefferson, Louisiana, in the upcoming March 20, 2021 election. The trial court ruled that Mr. Shaddinger is properly qualified as a candidate for the subject council seat. In her verified petition objecting to Mr. Shaddinger's candidacy, Ms. Brehm contended that Mr. Shaddinger does not qualify for said elective office because he "failed to file state taxes in 2019." For the reasons that follow, we reverse the judgment of the trial court. We find that Mr. Shaddinger did not rebut Ms. Brehm's *prima facie* case by failing to present sufficient evidence that he was not required to file a state income tax return for 2019 as certified in his Notice of Candidacy. Additionally, Mr. Shaddinger did not present sufficient evidence that he was not required to file for an extension of time to file his 2019 state income tax return. Accordingly, John ("Johnny") I. Shaddinger, Jr. is disqualified as a candidate for the office of Council Member, District 1, City of Westwego, Parish of Jefferson, Louisiana, in the upcoming March 20, 2021 election. The Secretary of State of the State of Louisiana shall be served with a certified copy of this opinion and is ordered to remove John ("Johnny") I. Shaddinger, Jr. from the ballot of this election.

### FACTS AND PROCEDURAL BACKGROUND

On January 20, 2021, John ("Johnny") I. Shaddinger, Jr. filed a sworn Notice of Candidacy with the Jefferson Parish Clerk of Court, declaring his intent to run for the office of Council Member, District 1, City of Westwego, Parish of Jefferson, Louisiana. In the Notice of Candidacy form, Mr. Shaddinger certified that "[i]f I am a candidate for any office other than United States senator or representative in congress, *that for each of the previous five tax years, I have filed*

*my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.*" (Emphasis added.)

On January 29, 2021, plaintiff, Loretta Brehm, filed a verified petition objecting to the candidacy of Mr. Shaddinger, contending that he falsely certified in his Notice of Candidacy that he filed his state income tax return for the year 2019. Ms. Brehm alleged that the Louisiana Department of Revenue could not confirm that Mr. Shaddinger filed his state income tax return for 2019.

Trial on the matter was held on February 3, 2021.

At trial, Ms. Brehm called Mr. Shaddinger as a witness in her case-in-chief. During questioning, Mr. Shaddinger testified that although he filed a United States federal income tax return for 2019 jointly with his wife, he did not file a Louisiana income tax return for 2019. He testified that he had approximately $50,000 in earned income during 2019, none of which was exempt from federal income tax, and had received approximately $11,000 in social security benefits during 2019. He stated that he intended to file a Louisiana income tax return for 2019, but has not yet done so.

During questioning by his counsel, Mr. Shaddinger identified a document, marked as Defendant's Exhibit 1, as being a copy of his 2019 federal income tax return. He stated that this return was mailed to the Internal Revenue Service on May 13, 2020. He testified that he was entitled to a refund under his federal income tax return and that he actually did receive a refund for 2019. Mr. Shaddinger testified that he did not file a state income tax return for 2019 because he was not required to. When asked, "Why do you believe you were not required to file your state tax return for 2019?", he responded, "Because I didn't owe any taxes." He stated that he was "advised about that" by his CPA, Jim Butler.

2

Mr. Shaddinger also admitted that he did not file for an extension of time for filing his 2019 state income tax return because "the state automatically gave extensions." He was shown a document, which he identified as "Louisiana Department of Revenue Information Bulletin, No. 20-009," from March 23, 2020, which he said he relied upon for his belief that "extensions were automatically granted and there was no need for a request for an extension." He agreed that the Bulletin stated, "the due date for these returns and any payments due with the returns is extended to July 15, 2020. This is an automatic extension and no extension request is necessary."

During subsequent questioning by Ms. Brehm's counsel, the court accepted Louisiana Department of Revenue Information Bulletin, No. 20-009 into evidence. Ms. Brehm's counsel then questioned Mr. Shaddinger about the paragraph titled "Additional Extensions," found on the second page of the Bulletin. That paragraph states:

> As provided above, the filing and payment deadline for income and franchise tax returns had been administratively extended to July 15, 2020. If a taxpayer (individual, corporation, fiduciary, or partnership) requires additional time to file the return, an extension request may be submitted on the applicable extension form based on the tax type. The extension period shall run from July 16, 2020, to the general extension date of November 15, 2020 for individual, fiduciary, and partnership returns … .

Mr. Shaddinger admitted that he did not read the whole document and only read the first page of the document. He interpreted the first page of the document to mean that the automatic extension of time to file was extended through July 15, 2020. He testified that there was nothing on the first page stating that there was an extension into 2021.

Ms. Brehm was then called and testified that she was a registered voter who was qualified to vote in the upcoming election for Council Member, District 1, City of Westwego, Parish of Jefferson, Louisiana. During her examination, the

court accepted into evidence the response to her public records request that Ms. Brehm received from the Louisiana Department of Revenue, stating that the Louisiana Department of Revenue could not confirm that Mr. Shaddinger filed a state income tax return for 2019. She testified that she brought this challenge because of that response. On cross-examination, Ms. Brehm admitted that she, personally, did not have any evidence to show that Mr. Shaddinger filed for an extension of time to file his 2019 state income tax return, that he was automatically given an extension of time to file his 2019 state income tax return, or that Mr. Shaddinger was not required to file a state income tax return for the year 2019.

At the conclusion of Ms. Brehm's testimony, the parties stipulated that no Louisiana income tax return was filed by Mr. Shaddinger for the tax year 2019 as of January 18, 2021 (the date he signed his Notice of Candidacy).

After Ms. Brehm rested, Mr. Shaddinger was again called to the stand by his counsel. During his testimony, copies of Mr. Shaddinger's 2019 federal income tax return (that had been filed) and his 2019 purported state income tax return (that had not yet been filed) were offered into evidence by his counsel and accepted by the court. The copy of the 2019 joint federal income tax return indicates that Mr. and Mrs. Shaddinger's gross income for 2019 was $74,317. Their taxable income for 2019 was $44,717, on which they owed $4,979 in taxes and were entitled to a refund of $1,126. The copy of the 2019 purported state income tax return indicates that Mr. and Mrs. Shaddinger's Louisiana taxable income for 2019 was $49,748, on which they owed $1,265 in state income taxes and were entitled to a refund of $987.

Mr. Shaddinger testified that after consulting with Mr. Butler, it was his "understanding" that he did not owe any "money" for 2019. He testified that, because he did not owe any money, it was his understanding that he was not required to file a state tax return for 2019. He further testified that, based on the

4

COVID-19 extension granted by the Louisiana Department of Revenue, he believed that the tax period for filing state income tax returns for 2019 was extended. Thus, he felt that he had complied with the tax return filing requirements to qualify as a candidate for the subject office.

On cross-examination, Mr. Shaddinger testified that he was not a CPA or a lawyer. He testified that he never qualified as a tax preparer and never held himself out as an expert in the preparation of taxes.

On February 4, 2021, the trial court signed a judgment denying Ms. Brehm's petition objecting to Mr. Shaddinger's candidacy, finding that Mr. Shaddinger properly qualified as a candidate for Council Member, District 1, City of Westwego. In its written reasons for judgment, the trial court found that Mr. Shaddinger had a justifiable reason to believe that he actually filed all required state and federal income tax returns for the past five years. The trial court found that for the year 2019, Mr. Shaddinger believed that the extension granted by Governor John Bel Edwards due to the COVID-19 pandemic was sufficient, and, thus, there was no need to file an additional extension for his state income tax return for that year. Further, relying on the Louisiana Supreme Court's decision in *Nocito v. Bussey*, 20-0946 (La. 8/15/20), 300 So.3d 862, the trial court found that even though the parties stipulated that Mr. Shaddinger did not file a state income tax return for 2019, because Ms. Brehm offered no additional information in support of her position that Mr. Shaddinger failed to file his state income taxes, failed to file an extension, or was required to file state income taxes, the evidence provided in the stipulation alone was insufficient to shift the burden to Mr. Shaddinger to either prove that he did request an extension, or that he was not required to file a state income tax return for 2019.

On appeal, Ms. Brehm argues that, based on the evidence and testimony presented at trial, she proved that Mr. Shaddinger did not file his 2019 state income

5

tax return, did not file for an extension of time to file his 2019 state income tax return, and was required to file his 2019 state income tax return.

In response, Mr. Shaddinger contends that Ms. Brehm offered into evidence a response from the Louisiana Department of Revenue, which indicated that Mr. Shaddinger did not file his 2019 state tax return. However, he argues that she failed to put forth any evidence that he did not obtain an extension of time to file his 2019 state income tax return and did not put forth any evidence that he was required to file his 2019 state income tax return.

## LAW AND ANALYSIS

The manner of qualifying for an election is set forth in La. R.S. 18:461(A)(1), which provides, in pertinent part: "A person who desires to become a candidate in a primary election shall qualify as a candidate by timely filing notice of his candidacy … ." La. R.S. 18:463 provides, in pertinent part:

> A.(2)(a) The notice of candidacy ... shall include a certificate, signed by the candidate, certifying all of the following:
>
> (i) That he has read the notice of his candidacy.
> (ii) That he meets the qualifications of the office for which he is qualifying.
>
> * * *
>
> (iv) Except for a candidate for United States senator or representative in congress, that *for each of the previous five tax years, he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both, or was not required to file either a federal or state income tax return or both.*
>
> * * *
>
> (ix) That all of the statements contained in it are true and correct.
>
> (b) The certificate shall be executed before a notary public or shall be witnessed by two persons. …

(Emphasis added.)

6

As this Court recently stated in *Nocito v. Bussey*, 20-243 (La. App. 5 Cir. 8/5/20), 301 So.3d 1214, 1216-17, *writ granted*, 20-986 (La. 8/15/20), 300 So.3d 862:

> The purpose of the notice of candidacy is to provide sufficient information to show a candidate is qualified to run for the office he seeks. *Trosclair v. Joseph*, 14-675 (La. App. 5 Cir. 9/9/14), 150 So.3d 315, 317. Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La. 1991).
>
> In an election contest, the person objecting to the candidacy bears the burden of proving the candidate is disqualified. La. R.S. 18:492; *Russell v. Goldsby*, 00-2595 (La. 9/22/00), 780 So.2d 1048, 1051; *Trosclair*, 150 So.3d at 317. "The laws governing the conduct of elections must be liberally interpreted so as to promote rather than defeat candidacy." *Russell*, 780 So.2d at 1051. Although Louisiana law favors candidacy, once an objector makes a *prima facie* showing of grounds for disqualification under La. R.S. 18:492, the burden shifts to the defendant "to present sufficient evidence to overcome the other party's *prima facie* case." *Landiak v. Richmond*, 05-0758 (La. 3/24/05), 899 So.2d 535, 541-2.

> ***Standard of review***
>
> Appellate courts review findings of fact under the manifest error or clearly wrong standard. *North v. Doucet*, 18-437 (La. App. 5 Cir. 8/1/18), 253 So.3d 815, 818. Issues of law are reviewed simply for legal correctness. *Id.*

*Nocito v. Bussey*, a factually similar case, involved an election challenge on the ground that the candidate, Mr. Bussey, failed to file his state income taxes for 2019. Mr. Bussey stipulated before trial that he failed to file his 2019 federal and state tax returns. He argued that he was not required to file federal and state returns for 2019 because he did not meet the $12,200 threshold earnings that necessitate filing. He offered into evidence a copy of his unfiled 1040 for 2019. In response, the plaintiff offered documentary evidence from Mr. Bussey's Facebook page and a restaurant website indicating Mr. Bussey served as the owner and/or managing partner of the restaurant in 2019. The plaintiff also offered evidence that Mr. Bussey was a manager of Nola Auto Group and a member of 2KB's LLC. The trial court disqualified Mr. Bussey after determining that the plaintiff proved

7

her case but Mr. Bussey presented insufficient evidence on rebuttal. This Court affirmed the trial court's judgment. *Nocito*, 301 So.3d at 1218. The Louisiana Supreme Court reversed the decision, reiterating, "[b]ecause election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to a candidacy bears the burden of proving that the candidate is disqualified." *Nocito*, 300 So.3d 862, 863, citing *Landiak v. Richmond*, 2005-0758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541. The Court also cited *Landiak* in explaining the legal term "burden of proof" in cases of this type:

> Generally, the legal term "burden of proof" "denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law." *Black's Law Dictionary* (8th ed). Under Louisiana's civil law, the "burden of proof" may shift back and forth between the parties as the trial progresses. Therefore, when the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. ***Stated another way, the party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence.*** On the other hand, once the party bearing the burden of proof has established a *prima facie* case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's *prima facie* case. Louisiana courts commonly apply this "shifting burden of proof" in numerous specific instances, such as trial on motions for summary judgment and exceptions, and in workers' compensation cases. 2005-0758 at 8, 899 So.2d at 542 (emphasis added). Any doubt as to the qualifications of a candidate to run for public office should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La. 1991).

*Id.* (Emphasis in original.)

In reversing the judgments of the court of appeal and the trial court, the Supreme Court found that the evidence of Mr. Bussey's stipulation, namely that he did not file a tax return in 2019, "with nothing more, was insufficient to establish a *prima facie* case that Mr. Bussey falsely certified on his Notice of Candidacy that 'for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state

income tax returns, or both, or was not required to file either a federal or state income tax return, or both.' Thus, the trial court erred as a matter of law in shifting the burden of proof to Mr. Bussey to prove the plaintiff's unsupported allegation." *Nocito*, 300 So.3d at 863. The court further found that the other evidence offered by the plaintiff on rebuttal—the documentary evidence from Mr. Bussey's Facebook page and the Southern Charm Bar and Bistro website, as well as the documentary evidence from the NOLA Auto Group and 2KB's LLC—was not evidence of income and did not contradict Mr. Bussey's testimony that he did not have taxable income and was not required to file a tax return in 2019. *Id.*

Upon review, we find that the Supreme Court's ruling in *Nocito v. Bussey*, *supra*, is distinguishable from the present case. In *Bussey*, the Supreme Court found that the only evidence offered by the plaintiff, Mr. Bussey's stipulation that he did not file a tax return in 2019, was insufficient to establish her *prima facie* case. There, the plaintiff did not present any evidence of income and did not contradict Mr. Bussey's testimony that he did not have taxable income and was not required to file a tax return in 2019. Here, on examination by Ms. Brehm's counsel, Mr. Shaddinger admitted that he had approximately $50,000 in earned income during 2019, none of which was exempt from federal income tax, and that he had received approximately $11,000 in social security benefits during 2019. Mr. Shaddinger also admitted to having filed a federal income tax return for 2019 and to not having filed a state income tax return for 2019 "[b]ecause I didn't owe any taxes." Mr. Shaddinger also admitted that he did not file for an extension of time to file his 2019 state income tax return.

At trial, Ms. Brehm relied on the following to establish a *prima facie* case that Mr. Shaddinger falsely certified on his Notice of Candidacy that "for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax

9

return or both, or was not required to file either a federal or state income tax return or both": (1) the response she received to the public records request she made to the Louisiana Department of Revenue, which could not confirm that Mr. Shaddinger filed a state income tax return for the year 2019; (2) the testimony of Mr. Shaddinger as to the nature and amount of his 2019 income, and his admissions that he had not filed a state income tax return for the year 2019 and that he had not filed for an extension of time to file a state income tax return for the year 2019; and (3) the stipulation of the parties to the fact that Mr. Shaddinger had not filed a state income tax return for 2019 at the time he executed his Notice of Candidacy form in this case.

It is undisputed that Mr. Shaddinger did not file a state income tax return for 2019. Upon review, we find that Ms. Brehm presented a *prima facie* case that Mr. Shaddinger was required to file a state income tax return for 2019. La. R.S. 47:101(A)(1) provides, in pertinent part, that "[a]ll individuals required to file a federal individual tax return shall be required to file an individual income tax return." Further, Internal Revenue Service Publication 501 for 2019 provides, in pertinent part, that "**IF** your filing status is … married filing jointly **AND** at the end of 2019 you were … 65 or older (both spouses) … **THEN** file a return if your gross income was at least … $27,000." Mr. Shaddinger testified that he had approximately $50,000 in earned income during 2019. He admitted that he filed a joint federal income tax return with his wife for 2019. The return was admitted into evidence at the hearing and indicates that Mr. and Mrs. Shaddinger's gross income for 2019 was $74,317, and their taxable income for 2019 was $44,717, on which they owed $4,979 in taxes and were entitled to a refund of $1,126. The copy of the 2019 purported state income tax return, which was also admitted into evidence, indicates that Mr. and Mrs. Shaddinger's Louisiana taxable income for 2019 was $49,748, on which they owed $1,265 in state income taxes and were

entitled to a refund of $987. Thus, from the evidence presented, it is clear that Mr. Shaddinger was required to file a federal income tax return for 2019, which he actually did. Correspondingly, because Mr. Shaddinger was required to file a federal income tax return for 2019, under La. R.S. 47:101(A)(1), Mr. Shaddinger was also required to file a state income tax return for 2019, which he did not do.

We also find that Ms. Brehm presented a *prima facie* case that Mr. Shaddinger failed to file for an extension of time to file his state income tax return for 2019. When shown the document, which was identified as "Louisiana Department of Revenue Information Bulletin, No. 20-009," from March 23, 2020, Mr. Shaddinger said that he relied on this document for his belief that "extensions were automatically granted and there was no need for a request for an extension." He agreed that the Bulletin stated that "the due date for these returns and any payments due with the returns is extended to July 15, 2020. This is an automatic extension and no extension request is necessary." He also admitted to not reading the second page of the Bulletin where it stated that if the taxpayer required "additional time to file the return an extension request may be submitted on the applicable extension form," and the extension period "shall run from July 16, 2020, until November 15, 2020." Mr. Shaddinger admitted that he did not file for any extension at all. Further, we have found no other ruling by the Louisiana Department of Revenue that provided for automatic extensions to file 2019 state tax returns, except for Louisiana Department of Revenue Information Bulletin, No. 20-014 from July 15, 2020. That Bulletin states that because of "network connectivity issues," the department was granting filing and payment extension for all tax returns and payments due on July 15, 2020 until July 17, 2020.

The burden then shifted to Mr. Shaddinger to prove that the attestations made on his Notice of Candidacy were true. We find that Mr. Shaddinger failed to show that he was not required to file a state income tax return for 2019, or that he

11

filed for an extension of time for filing his 2019 state income tax return, or that he was entitled to any further automatic extensions of time to file his state income tax return for 2019 beyond July 17, 2020. Mr. Shaddinger's argument that he was not required to file a state income tax return for 2019 because he did not owe any state income taxes for 2019 is not supported by any evidence and is not supported by any applicable law.[1] Also, he failed to show that he received an extension of time to file his state income tax return beyond July 17, 2020. We find that Mr. Shaddinger has not shown that he was entitled to any further automatic extensions to file his state income tax return for 2019.

In light of the above, we find that the trial court was manifestly erroneous and clearly wrong in its judgment that Ms. Brehm failed to prove a *prima facie* case that Mr. Shaddinger was not required to file a state income tax return for 2019 or that he filed for an extension of time to file his 2019 state income tax return. We also find that Mr. Shaddinger has failed "to present sufficient evidence to overcome the other party's *prima facie* case." *Landiak v. Richmond*, *supra*. Mr. Shaddinger failed to show that he was not required to file a state income tax return for 2019, or that he filed for an extension of time for filing his 2019 state income tax return, or that he was entitled to any further automatic extensions to file his state income tax return for 2019 beyond July 17, 2020. The trial court thus erred in denying Ms. Brehm's petition objecting to the candidacy of Mr. Shaddinger and ruling that Mr. Shaddinger properly qualified as a candidate for the subject council seat.

---

[1] In *Nixon v. Hughes*, 15-1036 (La. App. 4 Cir. 9/29/15), 176 So.3d 1135, the challenged candidate argued that he had no intent to deceive when signing his notice of candidacy because he honestly believed that he was not required to file his state income tax return for 2010. The Fourth Circuit, relying on the Louisiana Supreme Court's decision in *Russo v. Burns*, 14-1963 (La. 9/24/14), 147 So.3d 1111, found that the trial court did not err in disqualifying the candidate because "the subjective intent of a candidate is irrelevant when determining whether a candidate should be disqualified for certifying that he filed his tax returns in compliance with the qualifying form, when he had not."

## <u>DECREE</u>

For the foregoing reasons, the judgment of the trial court is **HEREBY REVERSED. IT IS ORDERED** that John ("Johnny") I. Shaddinger, Jr. is hereby disqualified as a candidate for the office of Council Member, District 1, City of Westwego, Parish of Jefferson, Louisiana, in the upcoming March 20, 2021 election. **IT IS FURTHER ORDERED** that the Secretary of State of the State of Louisiana shall be served with a certified copy of this opinion, and **IS HEREBY ORDERED** to remove John ("Johnny") I. Shaddinger, Jr. from the ballot of the March 20, 2021 election.

**<u>REVERSED AND RENDERED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 10, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

# 21-CA-59

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE E. ADRIAN ADAMS (DISTRICT JUDGE)
RAY L. WOOD (ELECTION'S OFFICE)       STEPHEN M. GELE (APPELLANT)       JEREMY WOOD (ELECTION'S OFFICE)
G. KARL BERNARD (APPELLEE)            CAREY B. DASTE (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED