| YASHA CLARK & MORGAN WALKER | * | NO. 2023-CA-0093 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| STEPHANIE BRIDGES AND DARREN LOMBARD, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA AND ROBERT KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE | * | STATE OF LOUISIANA |
| | * | |
| | * | |

\* \* \* \* \* \* \*

*TGC*

**CHASE, J., CONCURS AND ASSIGNS REASONS**

I concur with the majority opinion, finding our Supreme Court's opinion in *Braggs v. Dickerson*, 22-1227 (La. 8/13/22), 344 So.3d 63 is binding on this Court. However, I write separately to point out a need for clarification for future cases as we are in a time where technology is ever changing.

The trial court found that Mrs. Bridges was truthful in her belief that she had filed her federal and state income taxes as evidenced by the letter from her tax preparer of fifteen (15) years. However, subjective belief is not enough. *See Braggs* and *Russo v. Burns*, 2014-1963 p. 4 (La. 9/24/14), 147 So.3d 1111. As pointed out by the majority, the testimony of Ms. Toller of LDR established that the Bridges' Louisiana tax return had not been received on January 25, 2023, the date Mrs. Bridges qualified for office. Thus, the trial court was correct in finding that plaintiffs had in fact established a *prima facie* case. "The party on which the burden of proof rests must establish a *prima facie* case. If that party fails to carry his burden of proof, the opposing party is not required to present any countervailing evidence." *Landiak v. Richmond*, 2005-0758, p.8 (La. 3/24/05), 899 So.2d 535, 542.

Several fundamental principles have been repeatedly espoused by our Supreme Court and courts across Louisiana. "Election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified." *Landiak*, 2005-0758, pp. 6-7, 899 So.2d at 541; *See Becker v. Dean,* 2003–2493, p. 7 (La. 9/18/03), 854 So.2d 864, 869; *Russell v. Goldsby,* 2000–2595, p. 4 (La. 9/22/00), 780 So.2d 1048, 1051; *Dixon v. Hughes,* 587 So.2d 679, 680 (La. 1991); *Messer v. London,* 438 So.2d 546 (La. 1983). Further, a court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Becker,* 2003–2493, p. 7, 854 So.2d at 869; *Russell,* 2000–2595, p. 4, 780 So.2d at 1051; *Dixon,* 587 So.2d at 680. Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office. *Becker*, 2003-2493, p. 7, 854 So.2d at 869; *Landiak*, 2005-0758, pp.6-7, 899 So.2d at 541.

La. Admin. Code, as cited to by the majority, states that "a return is deemed filed on the date transmitted to the department or to a third party acting as the department's agent." Mrs. Bridges was advised, and it is documented, that her federal and state returns were electronically filed by her tax preparer. She believed that the returns were electronically filed. Unfortunately, the returns were not actually transmitted to LDR on January 25, 2023 as advised by the tax preparer. This gap in transmittal time has resulted in a candidate being eliminated from a race. I believe that our laws must be interpreted to remain current with our ever changing technology.