| YASHA CLARK & MORGAN WALKER | * | NO. 2023-CA-0093 |
| VERSUS | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| STEPHANIE BRIDGES AND DARREN LOMBARD, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA AND ROBERT KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

## LOBRANO, J., DISSENTS

I respectfully dissent. I would reverse the judgment of the district court and deny the petition objecting to Mrs. Bridges' qualification for candidacy. I find that Mrs. Bridges met her burden to rebut Ms. Clark's and Ms. Walker's *prima facie* showing of grounds for disqualification. I find, on the evidence of record, that Mrs. Bridges showed that her 2021 Louisiana state tax returns had been filed as of the time she filed her Notice of Candidacy.

"Filing" of tax returns is governed by LDR regulations set forth in La. Admin. Code tit. 61, pt. I, § 4911. Paragraph (B)(4) of that regulation provides that "[a] return, report or other document filed electronically is deemed filed on the date transmitted to the department or to a third party acting as the department's agent." Nothing in this regulation or any statute specifies how the return must be "transmitted to the department" or what qualifies as a "third party acting as the department's agent." No law, witness, or document was presented to show what proof is sufficient to establish the date and time on which an e-filed tax return is deemed transmitted to the department.

1

In contrast, Paragraph (B)(1) of this regulation is extremely specific as to the proof required to establish the date of filing a state tax return by United States Mail. The regulation states:

> A return, report or other document in a properly addressed envelope with sufficient postage delivered by the United States Postal Service is deemed filed on the date postmarked by the United States Postal Service. The postmark must bear a date on or before the last date prescribed for filing the return, report or other document in order to be considered timely filed. If the postmark on the envelope is not legible, the taxpayer has the burden of proving the date that the postmark was made. If the return, report or other document is sent by United States registered or certified mail, the date of registration is treated as the date of postmark. A postage meter date is considered a valid postmark date provided it does not conflict with a legible United States Postal Service postmark date. If the dates conflict, the United States Postal Service date shall override the meter date.

La. Admin. Code tit. 61, pt. I, § 4911(B)(1).

The trial evidence clearly showed that Mrs. Bridges filed and LDR received Mrs. Bridges' 2021 state tax return. No evidence was presented of any failure to file any other state or federal tax return. No evidence was introduced of any deficiency with the transmission of the 2021 state tax return filing itself. Ms. Brown testified that she executed the electronic transmission via Tax Wise at 10:30 a.m. on January 25, 2023 and received confirmation from Tax Wise on January 26, 2023 that the respective tax returns were submitted to the LDR and IRS. Moreover, on the morning of January 25, 2023, Mobile Tax furnished Mrs. Bridges with a letter informing her that her tax returns had been electronically filed, and only after receiving that letter did Mrs. Bridges complete and file her Notice of Candidacy.

I find that the LDR's electronic filing regulation is ambiguous, and that the district court erred as a matter of law in its interpretation of its requirements. In the absence of legislative guidance or LDR regulations specifying the appropriate documentation or date and time stamp needed for the candidate to meet his burden

of proof of transmission, this Court must liberally construe the laws governing the conduct of elections "so as to promote rather than defeat candidacy." *Russell v. Goldsby*, 00-2595, p. 4 (La. 9/22/00), 780 So.2d 1048, 1051. "Any doubt as to the qualifications of a candidate should be resolved in favor of permitting the candidate to run for public office." *Id.* (citing *Dixon v. Hughes*, 587 So.2d 679, 680 (La. 1991)). The judiciary should not be in the business of imposing additional requirements on candidates where the legislature has not done so. Thus, for these reasons, I would reverse the judgment of the district court and maintain Mrs. Bridges' candidacy.