| | | |
|---|---|---|
| **KEISHA HENRY AND CEDRIC BRUMFIELD, III** | * | **NO. 2023-CA-0543** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **RICHARD BELL, SR. AND DARREN LOMBARD IN HIS CAPACITY AS CLERK OF CRIMINAL COURT** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |
| | **\* \* \* \* \* \* \*** | |

*SCJ*

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent from the majority opinion, and I would affirm the trial court's judgment denying plaintiffs' objection to candidacy and petition to disqualify candidate. I disagree with the majority that plaintiffs presented a *prima facie* case to disqualify Mr. Bell. From my review of the record, and in light of relevant jurisprudence, I find no manifest error in the trial court's ruling.

In *Nocito v. Bussey*, 20-0986, p. 2 (La. 8/15/20), 300 So.3d 862, 863, the Louisiana Supreme Court discussed the initial burden of proof and burden shifting in cases involving the objection to a candidacy, stating in pertinent part as follows:

> Because election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to a candidacy bears the burden of proving that the candidate is disqualified. *Landiak v. Richmond*, 2005-0758, pp. 6-7 (La. 3/24/05), 899 So.2d 535, 541. As this Court explained in *Landiak*:
>
> > Generally, the legal term 'burden of proof' "denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law." *Black's Law Dictionary* (8th ed). Under Louisiana's civil law, the "burden of proof" may shift back and forth between the parties as the trial progresses. Therefore, when the burden of proof has been specifically assigned to a particular party, that party must present sufficient evidence to establish the facts necessary to convince the trier of fact of the existence of the contested fact. ***Stated another way, the party on which the burden of proof rests must establish a prima facie case. If that party fails to carry his burden of proof, the opposing party is***

1

***not required to present any countervailing evidence.*** . . . Any doubt as to the qualifications of a candidate to run for public office should be resolved in favor of permitting the candidate to run for public office. *Dixon v. Hughes*, 587 So.2d 679 (La. 1991). [emphasis in original]

In this case, plaintiffs established that the Louisiana Department of Revenue was unable to locate any tax returns for Mr. Bell for the years of 2018 through 2022. However, plaintiffs did not offer clear evidence that Mr. Bell had taxable income during those years that would legally obligate him to file tax returns. *See Brehm v. Shaddinger*, 21-59, p. 9 (La. App. 5 Cir. 2/10/21), 315 So.3d 363, 369. Mr. Bell testified that he was not required to file tax returns for those years, because he did not have any taxable income. His testimony established that he is retired and receives a military pension, Social Security benefits, and some retirement from Avondale. Neither his testimony nor any evidence introduced into the record established the exact amount of his income or whether or not it was taxable income.

In consideration of this record, I find there is insufficient evidence to conclude that the trial court manifestly erred in its judgment finding that plaintiffs failed to meet their burden of proof to establish that Mr. Bell made a false certification on his Notice of Candidacy form. Consequently, I would affirm the trial court's judgment.